# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual,<br><br>                      Plaintiff,<br><br>v.<br><br>TWIN FALLS COUINTY SHERIFF'S OFFICE, a Public Entity, and TWIN FALLS COUNTY, a Public Corporation,<br><br>                      Defendants. | Case No. 1:18-cv-00550-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants Twin Falls County Sheriff's Office and Twin Falls County's motion for reconsideration or clarification. (Dkt. 60.) The motion is fully briefed and at issue. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion is decided based on the record without oral argument. For the reasons that follow, the Court will deny the motion.

## FACTUAL BACKGROUND

This case arises from Plaintiff's claims that Defendants discriminated against him and violated his due process rights by wrongfully refusing to allow him to return to work

**MEMORANDUM DECISION AND ORDER - 1**

as a Twin Falls County Sheriff's Office Captain following a back surgery.[1] On December 11, 2018, Plaintiff initiated this lawsuit by filing a complaint raising claims of employment discrimination. In response, Defendants filed a motion to dismiss which was granted in part and denied in part on June 20, 2019. (Dkt. 12.)[2]

Thereafter, on July 10, 2019, Plaintiff filed an Amended Complaint raising six causes of action: 1) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, *et seq.*; 2) violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615 *et seq.*; 3) violation of Due Process, 42 U.S.C. § 1983; 4) violation of the Idaho Human Rights Act (IHRA), Idaho Code § 67-5909, *et seq.*; 5) negligent infliction of emotional distress (NIED); and 6) intentional infliction of emotional distress. (Dkt. 13.)

The parties each filed summary judgment motions that were separately briefed. (Dkt. 36, 45.) The Court heard argument on the motions and, on January 15, 2021, entered a memorandum decision and order. (Dkt. 56.) The Court granted summary judgment in favor of Defendants on the Section 1983, FMLA, and intentional infliction of emotional distress claims. Summary judgment was denied as to the remaining claims of: 1) violation of the ADA, 2) violation of the IHRA, and 3) NIED. (Dkt. 56.)

---

[1] Because the facts are well known to the parties and Court as reflected in the summary judgment related filings, they will not be recited in full here.

[2] The case was assigned to Senior United States District Judge William B. Shubb who decided the motion to dismiss. (Dkt. 12.) The parties later consented and the case was reassigned to the undersigned for all purposes. (Dkt. 22.)

On March 1, 2021, Defendants filed the present motion seeking reconsideration or clarification regarding the issue of whether Plaintiff can pursue certain damages at trial. (Dkt. 60.) The Court finds as follows.

## STANDARD OF LAW

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Federal Rules of Civil Procedure 59(e) and 60(b) each set forth the grounds for reconsideration of a prior order. *See* Fed. R. Civ. P. 59(e) and 60(b). This Court has "distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or to prevent manifest injustice." *Vanzant v. Wilcox*, Case No. 1:15-cv-00118-EJL-CWD, 2016 WL 6986133, at *1 (D. Idaho Nov. 28, 2016).

## ANALYSIS

The narrow question presented on this motion is whether Plaintiff can recover back pay or front pay under the ADA and IHRA beyond the date of his termination from

employment. (Dkt. 62 at 1.)[3] The parties sharply disagree regarding: 1) whether back pay and front pay damages are precluded as a matter of law, and 2) whether back pay and front pay damages are determined by the jury or the Court under the ADA and the IHRA.

Defendants argue back pay and front pay are not available damages under the ADA and IHRA, because Plaintiff was terminated from his employment for a legitimate reason - his DUI arrest. (Dkt. 60, 62.) Therefore, Defendants assert, Plaintiff is not entitled to any damages for lost wages or benefits beyond the date of his termination. Further, Defendants maintain that back pay and front pay are equitable damages awarded by the Court.

Plaintiff disagrees, arguing Defendants are liable for the foreseeable consequences of their discrimination which led to his DUI arrest and, ultimately, resulted in discontinuation of a career in law enforcement. (Dkt. 61.) Further, Plaintiff asserts that the Idaho constitution and the IHRA afford him a right to a jury determination of his actual damages, including past and future lost wages, which in turn would be binding on the determination of any equitable damages under the ADA. (Dkt. 61 at 8-9.)

1. **Back Pay and Front Pay Damages are not Precluded as a Matter of Law**

On this motion, Defendants rely on case law limiting recovery of damages where after-acquired evidence of wrongdoing is discovered by an employer that would have warranted termination or where the employment relationship otherwise ended, or would

---

[3] The Court makes no determination concerning the available damages under the NIED claim at this time.

have ended, for legitimate reasons. (Dkt. 60) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360-363 (1995) and *Hutchins v. DirecTV Cust. Serv., Inc.*, No. 1:11-CV-422-REB, 2014 WL 3572045, at *17 (D. Idaho July 21, 2014)). Pointing to the order on the motion to dismiss, Defendants argue the DUI arrest of Plaintiff was a legitimate basis for his termination from employment and, therefore, Hilliard is precluded from recovering back pay or front pay damages occurring after the date of termination, as a matter of law. (Dkt. 61) (citing Dkt. 12 at 9-10.) The Court disagrees.

The cases cited by Defendants do not preclude back pay and front pay damages as a matter of law as Defendants seek to do here.[4] The Supreme Court in *McKennon* held that after-acquired evidence of wrongdoing does *not* bar all relief in *every* discriminatory termination case. *McKennon*, 513 U.S. at 358 ("It would not accord with this scheme if after-acquired evidence of wrongdoing that would have resulted in termination operates, in every instance, to bar all relief for an earlier violation of the Act."). Instead, the Court in *McKennon* directed that relief under the anti-discrimination statutes must be fashioned to achieve the purpose of eliminating discrimination in the workplace through the remedial provisions and, further, that the determination of appropriate remedial relief will

---

[4] An argument strikingly similar to the one made by Defendants was raised and rejected in *Loomis v. Heritage Operating, L.P.*, No. CV-04-617-BLW, 2007 WL 178269, at *2-3 (D. Idaho Jan. 19, 2007). The *Loomis* court concluded that after-acquired evidence may limit damages, namely back pay, if the facts of the case warranted, but that it did not limit such damages as a matter of law. In *Loomis*, the court granted a pretrial motion precluding back pay damages under the ADA and IHRA as of the date the employee would not have been physically able to perform his job. Notably, however, the court reserved the right to reconsider the ruling if the employee came forward with evidence showing he could have remained employed. *Loomis*, 2006 WL 3531653, at *1-2 (D. Idaho Dec. 6, 2006).

vary from case to case depending on the "factual permutations and the equitable considerations they raise…." *Id*. at 361.

While *McKennon* recognizes that an employee's wrongdoing is relevant to the remedial determination and, generally, may preclude reinstatement or front pay, the decision clearly held that remedial relief under the ADA is dependent on the particular facts of a given case. *Id*. at 358-363. The same is true of *Hutchins*. There, the court limited the employee's remedial damages based on the distinct circumstances of the case as established by the evidence presented at trial. Namely, evidence showing the employee would not have remained employed with the defendant employer past a certain period of time for reasons unrelated to the discrimination. *Hutchins*, 2014 WL 352045, at *17. Thus, the determination of whether and to what extent remedial damages are available is dependent on the facts and circumstances of this case.

Contrary to Defendants' argument, Plaintiff's termination from employment based on his DUI arrest is not a per se bar to recovery of back pay and front pay damages beyond the date of termination. The facts here are distinguishable from the circumstances presented in the cases relied on by Defendants where later discovered evidence of wrongdoing or other facts warranted the employee's termination independent from the alleged discriminatory conduct of the employer. *McKennon*, 513 U.S. at 360-363; *Hutchins*, 2014 WL 352045, at *17. Here, Plaintiff's DUI arrest was not discovered after his termination. Indeed, the DUI arrest was the very basis for Plaintiff's termination from employment. There is no indication that Hilliard engaged in other wrongdoing, aside from his DUI arrest, or that there is any other basis for his termination. Moreover, the

circumstances here do not support precluding back pay or front pay damages as a matter of law at this pre-trial stage.

Back pay damages are presumed and "are determined by measuring the difference between actual earnings for the period and those which [the plaintiff] would have earned absent the discrimination by [the] defendant." *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (quoting *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 2005)). Front pay constitutes "damages paid as [prospective] compensation for training or relocating to another position" and made in lieu of reinstatement. *Id.*; *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001) (Front pay is the substitute for and "monetary equivalent of the equitable remedy of reinstatement.").

Here, Plaintiff contends the foreseeable and intended consequences of Defendants' disability-based discrimination caused his mental crisis and the resulting effects. (Dkt. 61 at 4-5) (arguing Defendants "engaged in an intentional effort to cause Hilliard mental distress and financial pressure."). Hilliard alleges that his DUI arrest and inability to continue his career in law enforcement were the result of, not independent from, Defendants' discriminatory conduct. (Dkt. 61 at 6-7.)[5]

---

[5] The prior Order on the motion to dismiss touched on this, commenting that the Court had not identified any authority stating that an employee may not be terminated for illegal conduct that would normally be grounds for termination because that illegal conduct was allegedly motivated by Defendants' discriminatory conduct. (Dkt. 12 at 10) (addressing Plaintiff's claim that his DUI was a foreseeable and intended consequence of Defendants' conduct before the DUI.) In doing so, the Court did not determine Plaintiff's damages were limited by the termination, only that the DUI arrest

If Plaintiff can prove his contention that Defendants' discriminatory conduct was sufficiently severe to preclude continuation of his career in law enforcement, back pay and front pay may be appropriate. Under this scenario, Plaintiff's alleged economic damages are tied to and flow from the Defendants' discrimination, which is in accord with the purposes of the anti-discrimination statutes to "make the victims of unlawful discrimination whole" and deter future discrimination. *Caudle*, 224 F.3d at 1020 (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 230 (1982)); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-421 (1975).

However, the legitimate termination of Plaintiff's employment cannot itself give rise to economic damages. The remedial relief provided under the anti-discrimination statues is intended to award damages in an amount that will make Plaintiff whole, but not more than whole, considering Plaintiff's efforts to mitigate his damages with reasonable diligence and other relevant factors. *Caudle*, 224 F.3d at 1020-21. Absent any injury, an award of back pay or front pay is plainly unwarranted. *Id.* (denying recovery under Title VII after the date of employee's voluntary withdraw from the workforce).

Whether Plaintiff will be able to prove his contention, remains to be seen. Only if Plaintiff is able to establish that his alleged economic damages resulted from Defendants'

---

was a valid basis for the termination. As discussed herein, Plaintiff's position that his DUI was a foreseeable and intended consequence of Defendants' discriminatory conduct, may be relevant to the question of damages depending on the evidence presented.

discriminatory conduct, will it then be necessary to determine the scope and extent of those damages; e.g., what and how much back pay or front pay damages to award. However, the opposite is equally true. If Plaintiff fails to prove his contention, then economic damages after the date of his discharge would likely be precluded.

This issue must be further developed based upon the evidence presented, before the Court can make a determination regarding whether Hilliard's claimed economic damages are precluded. At this stage, the Court concludes only that Plaintiff is not precluded from seeking back pay and front pay after the date of termination as a matter of law. *McKennon*, 513 U.S. at 362. How damages, if any, will be determined at trial is discussed below.

2. **The Determination of Damages Under the ADA Claim and IHRA Claim**

Back pay and front pay are equitable damages that may be awarded by the Court under the ADA. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5(g)(1) which in turn states that upon finding intentional discrimination, "the court may enjoin the [defendant] from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay, ... or any other equitable relief as the court deems appropriate.")); *see also Pollard*, 532 U.S. at 848-54 (distinguishing front pay under Title VII from compensatory damages, characterizing front pay as the monetary equivalent of the equitable remedy of reinstatement); *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011-13 (9th Cir. 2010) (holding that front pay under the FMLA, which provides "such equitable relief as may be appropriate," is an equitable

**MEMORANDUM DECISION AND ORDER - 9**

remedy to be determined by the court); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that back pay under the ADA is an equitable remedy to be determined by the court).

Conversely, under the IHRA, recovery of "lost wages," including back pay and front pay, are legal remedies awarded by the trier of fact as an element of actual damages. *See Smith v. Glenns Ferry Hwy. Dist.*, 462 P.3d 1147, 1157 (Idaho 2020) (interpreting Idaho's Whistleblower act to allow for recovery of front pay, analogous to the IHRA); *O'Dell v. Basabe*, 810 P.2d 1082, 1097 (Idaho 1991) (holding the term lost wages includes both back pay and front pay as permissible damages under the IHRA). The jury, therefore, determines whether to award back pay or front pay damages under the IHRA.

In cases such as this, where there are legal claims to be tried by a jury and equitable claims to be tried by the court, the jury is often empaneled as an advisory jury on the issue of equitable damages; or, alternatively, the parties may consent to have the jury decide the issue of equitable damages. *See Carlson v. City of Spokane*, No. 13-CV-0320-TOR, 2015 WL 11112412, at *3 (E.D. Wash. Jan. 28, 2015); Fed. R. Civ. P. 39(c). If there is evidence presented that could support an award of back pay and front pay, the Court will likely submit the issue of back pay and front pay damages to the jury and resolve the question of equitable damages post-trial. At this point, however, the issue of damages must be further developed before the Court can determine what damages may be allowed, how the damages will be decided, and how to instruct the jury.

The Court recognizes that in other cases from this District, back pay and front pay were handled as damages awarded by the court under both the ADA and IHRA. *See*

*Velasco v. Broadway Article Circle, LLC*, No. 4:11-CV-00102-BLW, 2012 WL 2505291, at *3-5 (D. Idaho June 18, 2012) (awarding back pay and front pay as equitable remedies on ADA retaliation claim but not awarding the same as additional damages under the IHRA as they would be duplicative); *Hutchins*, 2014 WL 3572045, at *17.[6] However, those cases preceded the recent decision in *Smith* where the Idaho Supreme Court diverged from federal antidiscrimination case law classifying front pay as equitable relief. *Smith*, 462 P.3d at 1159.

In *Smith*, the court concluded that, allowing "front pay as an *alternative* to reinstatement does not somehow transform front pay into an equitable remedy," and held that the "issues of front and back pay should have been left in the hands of the jury as a matter of state constitutional law and statutory interpretation." *Id.* at 1159 ("Front pay is offered as a legal alternative, not as an equitable replacement."). While the statute at issue in *Smith* was the Idaho Whistleblower Act, the decision relied on the reasoning in *O'Dell v. Basabe* which held that back pay and front pay are lost wages recoverable under the IHRA and determined by the trier of fact.

Thus, Idaho has interpreted "lost wages" and, consequently, back pay and front pay, differently from federal case law. Idaho is not alone in this regard. *See e.g.,*

---

[6] The *Hutchins* case is also notably distinct, because the parties there had expressly stipulated to proceed by way of a court trial. Thus, the question of whether the court or the jury would decide back pay and front pay damages was not at issue. Here, however, Hilliard invoked his right to have a jury determine his legal damages. That being said, the parties still have the option to consent to having the jury decide all damages. Fed. R. Civ. P. 39(c).

*Teutscher v. Woodson*, 835 F.3d 936, 946 (9th Cir. 2016) ("California courts…treat[] front pay as a damage issue for the trier of fact…."); *Carlson*, 2015 WL 11112412, at *3 (recognizing back pay and front pay are a consideration for the jury under Washington's anti-discrimination law). How damages will be determined, if any, will be decided at trial once the Court determines the type of damages that are available to Plaintiff based on the evidence presented.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendants' Motion to Reconsider or Clarify (Dkt. 60) is **DENIED**. Back pay and front pay damages are not precluded as a matter of law. What damages are available and the amount of any damages will be determined at trial.

DATED: May 14, 2021

_____
Honorable Candy W. Dale
United States Magistrate Judge