UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual,<br><br>           Plaintiff,<br><br>    vs.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, a Public Entity, and TWIN FALLS COUNTY, a Public Corporation,<br><br>           Defendants. | Case No. 1:18-cv-00550-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are Plaintiff's Motion to Bifurcate Trial, Plaintiff's Motion in Limine, Defendants' Motions in Limine, and Plaintiff's Motion to Supplement Discovery. (Dkt. 64, 68, 69, 71-77, and 88.) The parties filed responsive briefing and the motions are at issue. On October 13, 2021, the parties presented oral argument on the pending motions. This written order formalizes the Court's ruling on the various topics raised in the motions and as stated on the record during the hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Brent E. Hilliard filed a complaint on December 11, 2018, against his former employer, Twin Falls County Sheriff's Office and Twin Falls County, raising claims of employment discrimination. (Dkt. 1, 13.)[1] Following decisions on Defendants'

---

[1] Because the facts are well known to the parties and Court, they will not be recited in full here.

motion to dismiss and the parties' respective summary judgment motions, the claims

proceeding to trial are: 1) disability discrimination in violation of the Americans with

Disabilities Act (ADA) and the Idaho Human Rights Act (IHRA); and 2) negligent

infliction of emotional distress (NIED). (Dkt. 12, 56.)[2] A jury trial is set to commence on

November 1, 2021.

## DISCUSSION

### 1.      Motion to Bifurcate Trial

#### A.      Standard of Law

Federal Rule of Civil Procedure 42(b) permits district courts to bifurcate trials

"[f]or convenience, to avoid prejudice, or to expedite and economize." "It is clear that

Rule 42(b) gives the courts the authority to separate trials into liability and damages

phases." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (alteration

omitted) (quoting *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)).

The Court has broad discretion in determining whether to bifurcate a trial.

#### B.      Analysis

Plaintiff moves to bifurcate the trial to separate the presentation of evidence

regarding the liability determination from the causation and damages

determinations. (Dkt. 64.) Plaintiff argues bifurcation would avoid undue

prejudice, expedite and economize the proceeding, and avoid confusion. Plaintiff

---

[2] The case was assigned to Senior United States District Judge William B. Shubb who decided the motion to dismiss. (Dkt. 12.) The parties later consented and the case was reassigned to the undersigned for all purposes. (Dkt. 22.)

contends the only evidence relevant to the liability phase is the evidence that was

actually available to Defendants and that they actually relied upon at the time they

made the alleged adverse employment decisions. Namely, the intentional acts of

discrimination that Plaintiff alleges occurred between June 6, 2017 and the early

afternoon of September 7, 2017. Thus, Plaintiff asserts bifurcation would expedite

and simplify the trial by limiting the first liability phase to the evidence and

witnesses relevant to determining liability, if any, based on disability

discrimination.

Plaintiff contends that evidence of his mental breakdown and DUI arrest

during the evening of September 7, 2017, is highly prejudicial and relevant only to

causation and damages. Thus, Plaintiff argues evidence of the mental breakdown

and DUI arrest should be considered separately from the evidence relevant to the

liability determination to avoid undue prejudice.

Defendants oppose bifurcation, arguing the evidence of Plaintiff's mental

breakdown and DUI arrest are relevant to whether Plaintiff was a qualified

individual able to perform the essential functions of his position, their affirmative

defenses to the ADA and IHRA claims, and to the NIED claim. (Dkt. 66.) Further,

Defendants maintain that bifurcation would result in duplication of witnesses and

evidence, and waste judicial resources.

For the reasons that follow, the Court will deny Plaintiff's motion to bifurcate. However, the Court will limit the scope and extent to which the evidence of Plaintiff's mental breakdown and DUI arrest on September 7, 2017, can be used during trial.

Plaintiff has put the September 7, 2017, mental breakdown and DUI arrest directly at issue in this case. The Amended Complaint contains allegations that Plaintiff is actually disabled by his physical and mental impairments – including his depression, PTSD, and mood disorder. (Dkt. 13.) In briefing on the motion to reconsider and the motion to bifurcate, Plaintiff has asserted that Defendants engaged in a "campaign of intentional discrimination" beginning June 6, 2017, that resulted in Plaintiff's mental breakdown on September 7, 2017. (Dkt. 61 at 6) (Dkt. 64 at 3.) Indeed, Plaintiff argued in his reply brief on the motion to bifurcate that Defendants' discriminatory actions were so "pervasive and open" that it "nearly caused him to take his own life." (Dkt. 67 at 9.)

Similarly, on the present motions in limine, Plaintiff argues evidence of his medical conditions, including his mental health, is relevant and admissible to prove he was actually disabled, Defendants' discriminatory motivation, and the foreseeability of Hilliard's mental health crisis after receiving a text from Newman on September 7, 2017. (Dkt. 81.) Thus, the evidence and events surrounding Plaintiff's mental breakdown and DUI arrest are inexplicably intertwined with and

**MEMORANDUM DECISION AND ORDER - 4**

make up part of Plaintiff's claims under the ADA, IHRA, and NIED. Plaintiff

cannot cut off the presentation of evidence of Plaintiff's mental breakdown and

DUI arrest as too prejudicial for some purposes, but not others.

Given the nature of the claims, the particular facts of this case, and the

contentions made by Plaintiff, the Court finds bifurcation is not appropriate and not

necessary to address the prejudicial versus probative value of the evidence related

to Plaintiff's mental breakdown and DUI arrest. Plaintiff's argument during the

hearing that the mental breakdown and DUI arrest have no probative value to

determining liability, a.k.a., duty and breach, improperly compartmentalizes

certain elements of Plaintiff's prima facie case to the exclusion of other elements,

solely for the purpose of avoiding evidence Plaintiff believes is unfavorable to his

claims.

As discussed above, however, the evidence of Plaintiff's mental breakdown

and DUI arrest is directly relevant to Plaintiff's claims, in particular the NIED

claim. Further, the evidence is necessary context to present a complete picture of

the events at issue to the jury. Without this evidence, the jury would likely

speculate improperly about Hilliard's departure from the Twin Falls County

Sheriff's Office.[3]

---

[3] Plaintiff's suggestion during the hearing that the jury simply be advised during the first, liability phase
of a bifurcated trial that Plaintiff was terminated from his employment sometime after September 7, 2017,

Plaintiff's primary reason for requesting bifurcation is his concern regarding the potential prejudicial nature of the evidence of the mental breakdown and DUI arrest. While the evidence is undoubtedly emotionally charged, it is not unlike evidence presented in any other case involving a claim of emotional distress where a party engaged in ill-advised conduct allegedly as a result of the unfair treatment received. Any prejudice that may result will be addressed by a limiting instruction, if necessary.

Furthermore, the Court will limit the scope and extent to which the evidence of the mental breakdown and DUI arrest may be used during trial. Specifically, Defendants will not be allowed to argue that the mental breakdown and/or the DUI arrest disproves the second and third elements of Hilliard's ADA and IHRA claims.

The evidence is not relevant to disproving the second element of Plaintiff's prima facie case -- whether Plaintiff was a qualified individual under the ADA and IHRA. The ADA defines a "qualified individual" as "an individual with a disability who satisfies the requisite skill, experience, education, and other job-related requirements of the employment position such person holds or desires," 29 C.F.R. § 1630(m), and "who, with or without reasonable accommodation, can

---

with nothing more, would still paint an incomplete picture of the relevant factual circumstances surrounding Plaintiff's departure from the Twin Falls County Sheriff's Office.

perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see id.*

An employee asserting an ADA claim must show he or she was qualified for the position *at the time of the adverse employment action*, rather than some earlier or later time. *See Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1131 (9th Cir. 2020) (citing 29 C.F.R. § 1630.2(m)). Thus, evidence of Plaintiff's mental breakdown and DUI arrest that occurred after the discriminatory acts alleged in the ADA and IHRA claims is not relevant to whether Hilliard was a qualified individual *at the time* of the alleged adverse employment actions -- Defendants' failure to allow Plaintiff to return to work light duty and interference with the fitness for duty evaluations.

As to the third element, Defendants cannot avoid liability by using after-acquired evidence to establish a legitimate non-discriminatory justification or motivation for the alleged adverse employment actions. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason."); *Anthony*, 955 F.3d at 1130-31. Thus, Defendants cannot rely on Plaintiff's mental breakdown and the DUI arrest to contest the third element of Plaintiff's prima facie case under the ADA and IHRA – that Defendants discriminated against Plaintiff because of his disability. That is

**MEMORANDUM DECISION AND ORDER - 7**

to say, Defendants cannot argue Plaintiff's mental breakdown and DUI arrest on

September 7, 2017, were a legitimate basis for any of the alleged adverse

employment actions that preceded the DUI. Just as Plaintiff has been precluded by

prior rulings from asserting claims that his termination was unlawful, Defendants

likewise cannot argue the lawful termination of Plaintiff's employment absolves

Defendants of liability for any alleged discriminatory actions that occurred prior to

the mental breakdown and DUI arrest on September 7, 2017.

For the same reasons, Defendants will not be allowed to argue Plaintiff's

mental breakdown and DUI arrest on September 7, 2017, prove their affirmative

defenses. Because Defendants did not know about or rely on the September 7,

2017, mental breakdown and DUI arrest at the time of the alleged adverse

employment actions, Defendants cannot argue these are the bases for their business

necessity or direct threat defenses.

Accordingly, Plaintiff's motion to bifurcate will be denied. (Dkt. 64.) The

motions in limine concerning evidence of Plaintiff's mental breakdown and DUI

arrest on September 7, 2017, are granted in part and denied in part as discussed

above. (Dkt. 68, 75.) To the extent the evidence presented at trial differs, the Court

reserves the right to change or modify this ruling.

**2.     Motion to Supplement Discovery**

Plaintiff moves to supplement the report of his retained expert witness on damages, Susan Langley. (Dkt. 88.) Defendants oppose the motion to supplement. (Dkt. 90.) Relatedly, Defendants first motion in limine seeks to exclude the expert witness testimony of Ms. Langley as well as Plaintiff's retained vocational expert witness, Dr. John Janzen. (Dkt. 69.)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause. Rule 26(e) provides that supplemental disclosures must be made in a timely manner.

For the reasons that follow, the Court finds good cause has been shown to grant Plaintiff's motion to supplement. (Dkt. 88.) Accordingly, the Court will deny Defendants' first motion in limine as it relates to the expert witness testimony of Ms. Langley. (Dkt. 69.) The Court will reserve its ruling on the admissibility of Dr. Janzen's expert witness testimony. (Dkt. 69.)

**A.     Susan M. Langley, CPA, CFE**

Plaintiff timely notified Defendants that Hilliard had accepted a new job with an increased salary on July 22, 2021, two days after Hilliard accepted the position. (Dkt. 88.) Plaintiff timely requested to supplement the report of Ms. Langley, to update her damages calculations based on Hillard's new income amount on September 13, 2021. (Dkt. 88.) Hilliard's increase in wages impact the

damage calculations of both parties' expert witnesses and necessarily must be considered during trial.

There is sufficient time for the defense experts to review Ms. Langley's updated report prior to trial, which is scheduled to commence on November 1, 2021. Any prejudice to Defendants can be cured by allowing additional time for the relevant defense expert witnesses to review and update their reports. The parties are directed to coordinate the exchange of information necessary for the defense experts to review Ms. Langley's supplemental report and, if necessary, provide their own supplemented reports.

### B.    John Janzen, Ed.D., CRC

Plaintiff does not seek to supplement the report of his vocational expert, Dr. Janzen. (Dkt. 81 at 8-9.) Rather, Plaintiff argues Dr. Janzen is a rebuttal witness to Kourtney Layton, who has not supplemented her report and, therefore, there is no need for Dr. Janzen to supplement his report. Further, Plaintiff contends that Defendants' challenges to Dr. Janzen's report go to the weight and credibility of his opinions.

In their first motion in limine, Defendants argue Dr. Janzen's report and opinions should be excluded as unreliable, because: 1) Dr. Janzen's opinions are premised on Plaintiff's prior lower-wage job at the sign shop, and 2) Dr. Janzen's rebuttal of Ms. Layton's opinions that Plaintiff could obtain a job in construction

have been proven wrong by virtue of Plaintiff now obtaining a higher paying

position as a jobsite superintended with a construction company. (Dkt. 85.)

The Court has carefully reviewed Dr. Janzen's report and will reserve ruling

on the admissibility of Dr. Janzen's expert witness testimony if and until Dr.

Janzen is called to testify during trial. If allowed, Dr. Janzen's testimony will be

limited to the opinions expressed in his report. As with all expert witnesses, Dr.

Janzen will not be allowed to offer expert witness testimony outside of the

opinions stated in his report.

For all of these reasons, Plaintiff's Motion to Supplement Discovery (Dkt.

88) will be granted. Defendants' first motion in limine (Dkt. 69) will be denied in

part and reserved in part as discussed above.

**3.     Motions in Limine**

**A.     Standard of Law**

"A motion in limine is a procedural mechanism to limit in advance testimony or

evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4

(9th Cir. 2013) (*quoting United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)).

There is no express authority for motions in limine in either the Federal Rules of Civil

Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well

recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753,

758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence

before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

**MEMORANDUM DECISION AND ORDER - 11**

Generally, motions in limine excluding broad categories of evidence are disfavored—as such issues are more fairly dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, it is sometimes necessary to defer ruling until trial when a better estimate of the impact of the evidence on the jury can be made by the trial judge. *Crawford v. City of Bakersfield*, No. 1:14-cv-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's denial of a motion in limine. Where a motion in limine is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

**B.      Evidence Related to Plaintiff's ADA and IHRA Claims**

Defendants' second, third, and fourth motions in limine concern the scope of Plaintiff's ADA and IHRA claims. (Dkt. 71, 72, 73.) Specifically, Defendants seek to exclude evidence of: 1) any regarded as disability other than substance abuse; 2) medical conditions to prove an actual disability; and 3) any failure to accommodate Hilliard's actual disabilities.

During the hearing, Plaintiff agreed that the only regarded as disability claimed is substance abuse. Accordingly, Defendants' second motion in limine is moot. There is no dispute that the only regarded as disability is substance abuse. Therefore, Plaintiff will not offer evidence of any regarded as disability other than substance abuse.

Defendants' third and fourth motions in limine are denied. The Amended Complaint alleges Plaintiff had actual disabilities and that Defendants failed to accommodate his actual disabilities. (Dkt. 13 at ¶¶ 12, 52, 56, 79, 84.) During the hearing, Plaintiff's counsel confirmed that the ADA and IHRA claims include allegations of disability discrimination based on Plaintiff's actual physical and mental impairments and Defendants' failure to accommodate the same. Accordingly, evidence of Plaintiff's actual impairments and lack of accommodations may be relevant evidence. The Court will rule on the admissibility of particular evidence if and when it is offered during trial.

### C.    Medical Records

Defendants' fifth motion in limine seeks to admit evidence of Plaintiff's medical records during July and August of 2017. (Dkt. 74.) Plaintiff agrees that some of the medical records may be admissible, but argues that certain of Hilliard's medical records are irrelevant or unduly prejudicial and should not be admitted. (Dkt. 81.)

The Court will deny Defendants' fifth motion in limine. While it appears that some of Hilliard's medical records from the summer of 2017 may be relevant, the admissibility of any particular medical record can only be determined when the evidence is offered during trial.

**MEMORANDUM DECISION AND ORDER - 13**

### D.      Expert Testimony

Under Federal Rule of Evidence 702, a qualified witness with specialized knowledge helpful to the jury may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The Court acts as a gatekeeper to "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quotation marks and citation omitted). In doing so, the Court's analysis focuses "solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. The Court's "task...is to analyze not what the experts say, but what basis they have for saying it." *Wendell v. GlaxoSmithKlein LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995)). Challenges going to the weight of the evidence and credibility determinations are reserved for the finder of fact. *City of Pomona v. SQMN. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

Here, both parties have filed motions in limine to exclude the testimony of certain expert witnesses. (Dkt. 68, 76.) The Court will address each in turn below.[4]

---

[4] Defendants' first motion in limine concerning the testimony of expert witnesses Langley and Janzen is addressed above, because it relates to Plaintiff's motion to supplement.

**MEMORANDUM DECISION AND ORDER - 14**

### i.      Fabrice Czarnecki, M.D.

The Court will grant in part Plaintiff's motion in limine seeking to preclude the expert witness testimony of Dr. Czarnecki. This expert will not be allowed to offer opinion testimony concerning whether Plaintiff was fit for duty prior to September 7, 2017. Dr. Czarnecki's opinion in this regard is based on materials and information not known to or relied upon by Defendants at the time they engaged in the alleged discriminatory acts occurring prior to September 7, 2017. Dr. Czarnecki's conclusion that Plaintiff was not fit for duty is an improper after-the-fact opinion that is not probative to either prove or disprove any of the elements of Plaintiff's prima facie case under the ADA and IHRA, nor either of Defendants' affirmative defenses.

The Court will reserve ruling on whether Dr. Czarnecki will be allowed to offer expert witness testimony concerning a law enforcement officer's ability to perform the essential functions of the job while using opioid medications. Prior to offering Dr. Czarnecki's testimony, Defendants may make a proffer outside the presence of the jury and the Court will rule on the admissibility of Dr. Czarnecki's testimony at that time.

### ii.      David Corey, Ph.D.

The Court will reserve ruling on Plaintiff's motion in limine seeking to exclude the third opinion contained in the report of Defendants' retained expert witness Dr. Corey. (Dkt. 68.) Dr. Corey is a potential rebuttal expert witness who is anticipated to testify regarding standards of practice for fit for duty evaluations of law enforcement personnel. Dr. Corey's third opinion concerns the reasonableness of Defendants' reliance on Dr. Tye's evaluation. The relevance and admissibility of Dr. Corey's rebuttal

**MEMORANDUM DECISION AND ORDER - 15**

testimony will depend on the evidence that is presented and admitted during Plaintiff's

case in chief. Accordingly, the Court will reserve ruling on the admissibility of Dr.

Corey's testimony if and when it is offered during trial.

### iii.     Robert Swotinsky, M.D.

The Court will also reserve ruling on Defendants' seventh motion in limine

seeking to exclude the expert witness testimony of Dr. Swotinsky. (Dkt. 76.) Dr.

Swotinsky is Plaintiff's retained expert witness regarding workplace drug testing

standards and fitness for duty examinations. Dr. Swotinsky is anticipated to offer expert

witness testimony to rebut the testimony of Dr. Czarnecki and Defendants' affirmative

defenses. The relevance and admissibility of Dr. Swotinsky's testimony will depend on

how the evidence is presented during trial. Accordingly, the Court will reserve ruling on

the admissibility of Dr. Swotinsky's testimony until it is offered during trial.

### E.     Lay Witness Testimony

Lay witnesses may testify to matters within their personal knowledge and

perception that are not based on scientific, technical, or specialized knowledge. Fed. R.

Evid. 602, 701. Under Federal Rule of Evidence 701, opinion testimony by lay witnesses

is allowed if rationally based on the witness's perception, helpful to the jury, and not

based on specialized knowledge. Fed. R. Evid. 701.

"A witness has personal knowledge only when testifying about events perceived

through physical senses or when testifying about opinions rationally based on personal

observation and experience. *California Found. for Indep. Living Centers v. Cty. of*

*Sacramento*, 142 F. Supp. 3d 1035, 1045 (E.D. Cal. 2015) (citing *United States v.*

*Durham*, 464 F.3d 976, 982 (9th Cir. 2006)). Testimony is helpful when it assists the jury in determining a fact in issue. Fed. R. Evid. 701(b).

However, lay witness testimony is unhelpful, and thus inadmissible, when it is "mere speculation" or when it "usurps the jury's function" by telling the finder of fact what result to reach. *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); *see also* J. Weinstein & M. Berger, Weinstein's Evidence § 701.03[2] (2d ed. 2014). Proper lay testimony involves matters within the common experience and knowledge of lay individuals. Fed. R. Evid. 701, Advisory Committee Notes (2000) ("lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'").

Here, Plaintiff moves to exclude the lay witness testimony of Plaintiff's former co-workers. (Dkt. 68.) Plaintiff argues the testimony is cumulative, irrelevant, and improper lay opinion testimony, because the witnesses are not qualified to opine about whether Plaintiff was a qualified individual able to perform the essential functions of his job. (Dkt. 68.) Defendants, on the other hand, seek to admit evidence of these witnesses' statements regarding observations they made about Plaintiff's condition and conduct in the workplace during the summer of 2017. (Dkt. 77.) For the reasons that follow, the Court will deny Plaintiff's motion in limine and reserve ruling on Defendants' eighth motion in limine.

To the extent a proper foundation is laid, Plaintiff's former co-workers may be allowed to testify as to their own personal knowledge and observations of Plaintiff during

June, July, and August of 2017, and what they reported to their superiors. The

observations and reports of Plaintiff's co-workers during the relevant time period may be

probative of the Plaintiff's claims and Defendants' affirmative defenses. The Court will

reserve ruling on the admissibility of the written statements and oral reports until the

evidence is offered during trial.

## CONCLUSION

This Order is intended to assist the parties in their preparation for trial by, to the

extent possible, giving the parties guidance in structuring their presentation of evidence.

The parties must abide by the Court's rulings but may ask for reconsideration as trial

progresses. The final ruling on the admissibility of any particular testimony or piece of

evidence will be made at trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th

Cir. 1999) ("The district court may change its ruling at trial because testimony may bring

facts to the district court's attention that it did not anticipate at the time of its initial

ruling."). During the trial, the parties are directed to advise the Court in advance of

evidentiary issues they anticipate arising so that the Court can address the same outside

the presence of the jury, if necessary. The parties shall do so by notifying the law clerk

regarding such issues well in advance of the evidence being offered.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1)    Plaintiff's Motion to Bifurcate Trial (Dkt. 64) is **DENIED**.

2)    Plaintiff's Motion in Limine (Dkt. 68) is **GRANTED IN PART, DENIED
      IN PART, AND RESERVED IN PART**.

**MEMORANDUM DECISION AND ORDER - 18**

3)   Defendants' First Motion in Limine (Dkt. 69) is **DENIED IN PART AND RESERVED IN PART**.

4)   Defendants' Second Motion in Limine (Dkt. 71) is **MOOT**.

5)   Defendants' Third Motion in Limine (Dkt. 72) is **DENIED**.

6)   Defendants' Fourth Motion in Limine (Dkt. 73) is **DENIED**.

7)   Defendants' Fifth Motion in Limine (Dkt. 74) is **DENIED**.

8)   Defendants' Sixth Motion in Limine (Dkt. 75) is **GRANTED IN PART AND DENIED IN PART**.

9)   Defendants' Seventh Motion in Limine (Dkt. 76) is **RESERVED**.

10)   Defendants' Eighth Motion in Limine (Dkt. 77) is **GRANTED IN PART AND RESERVED IN PART**.

11)   Plaintiff's Motion to Supplement Discovery (Dkt. 88) is **GRANTED**.

DATED: October 14, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 19**