UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, a Public Entity, and TWIN FALLS COUNTY, a Public Corporation,<br><br>Defendants. | Case No. 1:18-cv-00550-CWD<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW BY THE COURT** |

# INTRODUCTION

Plaintiff Brent E. Hilliard filed this action against Defendants Twin Falls County Sheriff's Office and Twin Falls County alleging claims of disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. Section 12112(a), and the Idaho Human Rights Act (IHRA), Idaho Code Section 67-5909, et seq., as well as a claim of negligent infliction of emotional distress. A jury trial was held in this matter and after deliberation, the jury returned a verdict in favor of Hilliard on November 18, 2021. (Dkt. 142.) Judgment was entered on November 23, 2021. (Dkt. 143.)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1**

The issue of back pay under the ADA was submitted to the jury for an advisory verdict pursuant to Rule 39(c)(1) of the Federal Rules of Civil Procedure. (Dkt. 63).[1] The jury's advisory verdict awarded Hilliard $4,127.40 in back pay. (Dkt. 142.)

Having carefully reviewed and considered the evidence presented during trial, the Court hereby sets forth its findings of fact and conclusions of law on the issue of back pay under the ADA for which the advisory verdict was rendered. Fed. R. Civ. P. 52(a). For the reasons that follow, the Court agrees with the jury's findings awarding Hilliard back pay in the amount of $4,127.40, but will decline to award additional equitable back pay damages under the ADA as they would be duplicative. A separate Amended Judgment will be entered reflecting the Court's findings and conclusion stated herein. Fed. R. Civ. P. 58.

## LEGAL STANDARD

Under the ADA, a court has discretion to award such equitable relief as warranted, including back pay. *See* 42 U.S.C. § 1981a (incorporating the remedies of Title VII of the Civil Rights Act, which in turn, authorizes the court to "order such affirmative action as may be appropriate, which may include... reinstatement ..., with or without back pay ..., or any other equitable relief as the court deems appropriate."); 42 U.S.C. § 12117(a)

---

[1] Back pay is an equitable damage awarded by the Court under the ADA. 42 U.S.C. § 1981a and § 12117(a). However, under the IHRA, back pay is a legal remedy awarded by the jury. (Dkt. 63); *Smith v. Glenns Ferry Hwy. Dist.*, 462 P.3d 1147, 1157 (Idaho 2020). Thus, only the issue of back pay under the ADA was submitted to the jury for an advisory verdict. Fed. R. Civ. P. 39(c)(1). The jury's award of back pay under the IHRA was not advisory.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2**

(incorporating § 2000e-5(g)(1)); *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011-13 (9th Cir. 2010) (holding that front pay under the FMLA, which provides "such equitable relief as may be appropriate," is an equitable remedy to be determined by the court); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that back pay under the ADA is an equitable remedy to be determined by the court). Back pay damages are presumed and "are determined by measuring the difference between actual earnings for the period and those which [the plaintiff] would have earned absent the discrimination by [the] defendant." *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 1999); *see also Albarmarle Paper Co. v. Moody*, 442 U.S. 405, 421-22 (1975) (Employees who have proven employment discrimination are presumptively entitled to back pay.).

## ANALYSIS

Based upon the jury's verdict in favor of Hilliard, and the evidence in the record, the Court finds that it has discretion to award Hilliard back pay as an equitable remedy under the ADA in this case. *See* 42 U.S.C. § 1981a; *Lutz*, 403 F.3d at 1069. Further, and for the reasons that follow, the Court finds no reason to depart from the jury's award of back pay in the amount of $4,127.40.

In support of his claim for damages, Hilliard presented evidence of back pay damages during trial. Hillard relied principally on the expert witness testimony of Susan Langley to calculate his damages, including back pay. (Dkt. 132.) Based on the evidence received at trial, specifically the testimony concerning the period of time that Hilliard was removed from paid administrative leave and began using his accrued sick and vacation

time, from August 18, 2017 to September 7, 2017, and the amount of Hilliard's wages for that time period ($36.85 per hour), the Court finds by a preponderance of the evidence that Hilliard lost $4,127.40 in back pay because of the discrimination, calculated as follows.

Langley calculated Hilliard's back pay from August 18, 2017 to September 9, 2017, a total of 128 hours, at a rate of $36.85 hours. (Dkt. 146, Plaintiff's Trial Ex. 211-A, Langley Schedule 6-1.) Langley testified that this lost back pay totaled $4,717.00. (Addendum 1: *Rough Draft Tr.*, Nov. 11, 2021, Day 6 at 214-216.)[2] However, during closing argument, counsel for Hilliard argued that back pay damages ran from August 17, 2017, when Hilliard was "improperly" taken off paid administrative leave, to either September 7, 2017, or September 8, 2017. (Addendum 2: *Rough Draft Tr.*, Nov. 18, 2021, Day 11 at 85.)

Langley and Hilliard's counsel stated different start dates for calculating back pay, August 17, 2017 and August 18, 2017. The Court finds the appropriate start date is August 18, 2017, because Hillard received the letter from Chief Deputy Don Newman removing him from paid administrative leave on August 17, 2017. (Dkt. 147, Stipulated

---

[2] There is no final transcript of the trial presently in the record. For purposes of this decision, the Court has cited to the portions of the daily rough draft transcripts ("*Rough Draft Tr.*") that it used to aid its recollection of the testimony. The cited portions will be docketed as addendums one and two to this decision and should be used only to confirm the Court's recitation of the relevant testimony. The daily rough draft transcripts were provided to the Court and the parties during trial, but they are not a final transcript. If and when a final transcript is prepared, the final transcript will be the official court record of the proceedings. Discrepancies in page numbers between the rough draft and final transcripts may exist.

Trial Ex. 17.) Thus, Hilliard began using his accrued sick and vacation time on August 18, 2017.

The two day disparity between Langley's calculation ending on September 9, 2017, and Plaintiff counsel's statements during closing argument that back pay ended on either September 7th or 8th of 2017, explains the difference between the total amount calculated by Langley and the amount awarded by the jury. Calculating back pay from August 18, 2017, through September 7, 2017, reduces the total hours in Langley's calculation by sixteen, from 128 hours to 112 hours. Multiplying Hilliard's wages of $36.85 per hour by 112 hours yields a total back pay amount of $4,127.20.[3]

The difference between the jury's award of back pay in the amount of $4,127.40, and Langley's calculation of $4,717.00, reflects the jury's finding that Hilliard was entitled to back pay up to September 7, 2017, as Plaintiff's counsel stated during closing arguments. The Court agrees with the jury's finding in this regard.

September 7, 2017 was a pivotal date in this case, the events of which the Court finds warrant ending Hilliard's award of back pay on that date. After Hilliard was cited for a DUI on September 7, 2017, he was no longer "improperly" removed from paid administrative leave and his use of accrued sick and vacation time was no longer

---

[3] The .20 cent difference between the Court's calculation and the amount awarded by the jury is likely attributable to the amount in Langley's schedule being rounded up to $4,717. The actual amount of Langley's calculation, 128 hours x $36.85 per hour, is $4,716.80. Regardless, the Court finds the amount of back pay awarded by the jury is appropriate for the reasons stated herein.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5**

attributable to the disability discrimination. Further, awarding back pay through September 7, 2017, satisfies the ADA's equitable purpose of back pay – to make the plaintiff whole. *Loeffler v. Frank*, 486 U.S. 549, 558 (1988) (An award of back pay is appropriate to advance "Congress' intent to make 'persons whole for injuries suffered through past discrimination.'") (quoting *Albemarle Paper Co.*, 422 U.S. at 421).

For these reasons, the Court agrees with and adopts the jury's findings and advisory verdict. Hilliard is entitled to an award of $4,127.40 in back pay under the ADA. However, Hilliard is not entitled to double recovery of the same back pay damages under both the ADA and IHRA. Because the jury awarded Hilliard the same amount of back pay damages under the IHRA, the Court will not award additional back pay damages under the ADA. *Smith v. Glenns Ferry Highway Dist.*, 462 P.3d 1147, 1157 (Idaho 2020) (Under the IHRA, recovery of lost wages, including back pay, are legal remedies awarded by the trier of fact); (Dkt. 63.). Accordingly, the amount of damages awarded to Hilliard remains the same as stated in the special verdict. (Dkt. 142.) The Court will enter a separate amended judgment to incorporate and reflect the findings stated herein. Fed. R. Civ. P. 52 and 58.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6**

## ORDER

THEREFORE IT IS ORDERED THAT:

1) Plaintiff Brent E. Hilliard recover from the Defendants Twin Falls County Sheriff's Office and Twin Falls County back pay in the total amount of $4,127.40 under the Idaho Human Rights Act as awarded by the jury. No back pay is awarded under the Americans with Disabilities Act.

2) A separate Amended Judgment will be entered to incorporate the findings stated herein.

DATED: December 3, 2021

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge