UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD,<br>an individual,<br><br>                 Plaintiff,<br>   v.<br><br>TWIN FALLS COUNTY SHERIFF'S<br>OFFICE, a Public Entity, and TWIN<br>FALLS COUNTY, a Public<br>Corporation,<br><br>               Defendants. | Case No.  1:18-cv-00550-CWD<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), filed with respect to the Court's order granting a new trial and vacating the Amended Judgment entered in this matter on September 14, 2022.  (Dkts. 211, 202.) Defendants oppose permission to appeal.  (Dkt. 218.)  Pursuant to Local Rule 7.1(d)(1), the Court finds this matter appropriate for decision without oral argument.  As explained below, the Court will deny the Petition.

## BACKGROUND

On December 11, 2018, Brent E. Hilliard brought this action against his former employer, the Twin Falls County Sheriff's Office and Twin Falls County, alleging

**MEMORANDUM DECISION AND ORDER - 1**

disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. Section 12112(a), and the Idaho Human Rights Act (IHRA), Idaho Code Section 67-5909, et seq.; and negligent infliction of emotional distress.  Plaintiff alleged Defendants discriminated against him by refusing to allow him to return to work as a captain with the Twin Falls County Sheriff's Office following a back surgery.

An eleven-day jury trial was held in this matter, and, after deliberation, the jury returned a verdict in favor of Hilliard on November 18, 2021.  (Dkt. 142.)  Judgment was entered on the special verdict returned by the jury on November 23, 2021.  (Dkt. 143.)

On December 3, 2021, the Court issued findings of fact and conclusions of law on the issue of back pay under the ADA that was submitted to the jury for an advisory verdict.  (Dkt. 153.)  On the same day, an Amended Judgment was entered pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.  (Dkt. 154.)

Also on December 3, 2021, Plaintiff filed a bill of costs, a supplemental motion for taxation of costs, and a motion for attorney fees.  (Dkts. 150-152.)  On January 3, 2022, Defendants timely filed four post-trial motions. (Dkts. 163-166.)  Defendants moved for a new trial, or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) and (e), and for relief from judgment under Rule 60(b)(3), based in large part on alleged misconduct by Plaintiff's counsel.  (Dkts. 164, 166.)  Plaintiff opposed the motions in all respects. (Dkts. 185, 188.)

After hearing oral argument on the primary issues of concern raised by Defendants' motions, the Court entered its Memorandum Decision and Order (the "Order") granting Defendants' Motion for New Trial or to Alter or Amend Judgment, and Defendants' Motion for Relief from Judgment on September 14, 2022.  (Dkt. 202.)[1] After careful consideration of the record and the controlling law, the Court concluded that Plaintiff's counsel knowingly presented to the jury an inaccurate and incomplete portrayal of compensation paid to and promised to be paid to a critical witness, Justine Sweet, for her testimony.  Significantly, the Court found this misconduct by Plaintiff's counsel fundamentally interfered with the jury's ability to weigh the credibility of Sweet's testimony and Defendants' ability to fully and fairly present their case.  (Dkt. 202 at 11.)  Further, the Court found that this misconduct constituted plain and prejudicial error warranting a new trial pursuant to Rule 59 and Rule 60.  *Id.* Accordingly, the Amended Judgment was vacated.  (Dkt. 154.)[2]

On September 20, 2022, Plaintiff filed a Notice of Appeal.  (Dkt. 205.)  On September 29, 2022, the Ninth Circuit ordered Plaintiff to show cause for appellate

---

[1] Upon review, the Court notes a transposition in the Order.  (*See* Dkt. 202 at 24.) The Order states Defendants' Motion to Set Aside Judgment or Amend Findings or Grant New Trial (Dkt. 165) was granted and Defendants' Motion for Relief from Judgment (Dkt. 166) was deemed moot.  (Dkt. 202 at 24.)  As evident from the body of the Order, Defendants' Motion for Relief from Judgement made pursuant to Rule 60(b)(3) (Dkt. 166) was granted.  (Dkt. 202 at 18.)  Defendants' Motion to Set Aside Judgment or Amend Findings or Grant New Trial made pursuant to Rule 52 (Dkt. 165) was deemed moot.  (Dkt. 202 at 1.)  A separate order clarifying this correction will be entered simultaneously upon entry of this decision.

[2] The new trial is scheduled to commence April 10, 2023.  (Dkt. 216.)

**MEMORANDUM DECISION AND ORDER - 3**

jurisdiction.  Thereafter, on September 30, 2022, Plaintiff voluntarily withdrew the appeal as a matter of right, (Dkt. 210), and instead, on October 4, 2022, filed the Petition for Permission to Appeal presently before the Court.  (Dkt. 211).

## LEGAL STANDARD

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment.  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).  Under 28 U.S.C. § 1292(b), however, a district court may certify an order for immediate appeal where: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

Interlocutory certification is a narrow exception to be applied sparingly and in exceptional circumstances.  *In re Cement*, 673 F.2d at 1026.  "The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.'"  *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal. 1988)).  "In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals."  *Id.* (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)).  The party pursuing the interlocutory appeal bears the burden of demonstrating the

**MEMORANDUM DECISION AND ORDER - 4**

certification requirements of Section 1292(b) are met.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Villarreal v. Caremark, LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (*United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004)) (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995)).  All three criteria must be met to certify an issue.  *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (citing *Couch*, 611 F.3d at 633).  "As such, '[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification.'"  *Id.* (quoting *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003))).  If the district court grants certification, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (citing 16 Wright, Miller & Cooper § 3929, at 363).

## DISCUSSION

Plaintiff argues that all three of the Section 1292(b) requirements for interlocutory appeal are satisfied here.  (Dkt. 211.)  Defendants oppose Plaintiff's petition, arguing Plaintiff has failed to meet his burden of demonstrating each of the requirements are met. (Dkt. 218.)  The Court has reviewed the parties' arguments, as well as the materials filed in relation to the Defendants' post-trial motions for new trial and relief from judgment.

**MEMORANDUM DECISION AND ORDER - 5**

Having done so, the Court finds Plaintiff has not met any of the criteria for permissive interlocutory appeal.  He has not shown that there is a controlling question of law involved; that there are substantial grounds for difference of opinion; or, that an immediate appeal would materially advance the ultimate termination of litigation. Although the Court finds it unnecessary to address each of the arguments made by Plaintiff in support of his Petition, the Court notes that Defendants' opposition brief accurately describes the import of the Order and persuasively addressed the misunderstandings and mischaracterizations integral to Plaintiff's arguments.

    1.  <u>The Order does not involve a controlling question of law.</u>

The first requirement for granting permission to appeal is that the interlocutory order at issue must involve a controlling question of law.  Although "Congress did not specifically define what it meant by 'controlling' as used in Section 1292(b)," a question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court" and it is not collateral to the major issues of the case.  *In re Cement*, 673 F.2d at 1026.

Likewise, the Ninth Circuit has not expressly defined what constitutes a controlling question of law for permissive appeal; however, a number of other courts have indicated that a "pure question of law," rather than a mixed question of law and fact or the application of law to a particular set of facts, is required.  *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); *see also McFarlin v. Conseco Servs., LLC*,

**MEMORANDUM DECISION AND ORDER - 6**

381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "[Section] 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("The idea [behind Section 1292] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D. D.C. 2003) (When "the crux of an issue decided by the court is fact-dependent, the court has not decided a 'controlling question of law' justifying immediate appeal."). "'The antithesis of a proper [Section] 1292(b) appeal is one that turns on whether … the district court properly applied settled law to the facts.'" *Porter v. Mabus*, No. 1:07-CV-0825, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (quoting *Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011)).

It is well settled, however, that "[t]he issue need not be 'dispositive of the lawsuit in order to be regarded as controlling[.]'" *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*, No. CV F 05-736 AMI SMS, 2006 WL 2085244, at *2 (E.D. Cal. July 26, 2006) (quoting *United States v. Woodbury*, 263 F.2d 784, 787-88 (9th Cir. 1982)). But at the same time, the issue "cannot be 'collateral to the basic issues of [the] case.'" *Id.* "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."

*Kight v. Eskanos & Adler, P.C.*, No. 05CV199-L(AJB), 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007) (quoting *In re Cement*, 673 F.2d at 1026).

Here, Plaintiff fails to identify a controlling question of law, let alone one as to which there is a substantial ground for difference of opinion. Plaintiff instead contests whether the Court applied the correct standard of law when granting a new trial and vacating the Amended Judgment.  (Dkt. 219 at 2.)  Specifically, Plaintiff relies on a three-part analysis applicable to Rule 59 motions based on newly discovered evidence. (Dkt. 219 at 2) (quoting *In re Covino*, 241 B.R. 673, 679 (Bankr. D. Idaho 1999)). Plaintiff reasons that the Court erred in granting a new trial here, because the "new evidence" at issue in the Order was merely impeachment evidence that did not warrant a new trial.  Plaintiff's reasoning misses the point.

The overarching flaw in Plaintiff's argument is that it is premised on a faulty mischaracterization of the Court's decision to grant a new trial as being based on the post-trial discovery of new evidence sought to be presented during a new trial.  However, Plaintiff's characterization of the Order as one inappropriately granting a new trial based on newly discovered impeachment evidence is unequivocally wrong.

The basis for the Order was the misconduct of Plaintiff's counsel, not newly discovered evidence, thereby distinguishing this matter from *In re Covino*.  (Dkt. 202.) Specifically, the Rule 59 and 60 motions were granted based on Defendants' post-trial discovery that Justine Sweet had been compensated by Plaintiff's counsel in excess of the standard one-day attendance fee for a non-retained expert witness testifying at trial.  The

**MEMORANDUM DECISION AND ORDER - 8**

payments to and promises to pay Sweet were undisclosed to Defendants at the time of trial, but were known to Plaintiff's counsel.  These payments were discovered by Defendants only when Plaintiff included a $500.00 payment sent by Plaintiff's counsel to Justine Sweet the day after the jury rendered its verdict, and a few days after Justine Sweet testified during trial, in their supplemental cost bill.  (Dkt. 151-2 at 72.)  By withholding the full truth regarding the circumstances of Sweet's testimony from the jury, Plaintiff's counsel was able to unfairly leverage Sweet's testimony that she had been paid only the standard one-day attendance fee during closing argument to bolster Sweet's credibility and to diminish the credibility of the defense experts.

After careful consideration of the facts surrounding the compensation of Justine Sweet, and how Plaintiff's counsel misrepresented the compensation to the jury during closing argument, the Court found a new trial was warranted and necessary because the misconduct of Plaintiff's counsel fundamentally interfered with the jury's role as fact finder, thereby materially affecting the fairness of the trial itself.  (Dkt 202 at 18.) Fundamental to the jury's role as fact finder is the jury's role in determining the credibility of witness testimony.  Indeed, the jury was instructed of its role both in preliminary instructions and in final instructions regarding the matters they could take into consideration in determining whether to believe witness testimony.  *See* Ninth Circuit Instruction 1.14, Ninth Circuit Committee on Model Criminal Jury Instructions, *Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit* (1995)

**MEMORANDUM DECISION AND ORDER - 9**

(Dkt. 145 at 12, 31.)  Among those considerations are "interest in the outcome" and "bias and prejudice."

Despite Plaintiff's after-the-fact attempts to minimize the payments made to Sweet, and to explain the undisclosed pretrial "promise" from Plaintiff's counsel to pay Sweet a reasonable fee, as having no impact on her credibility, this was not a determination for Plaintiff's counsel to reach.  Information that undoubtedly had a material impact on the jury's assessment of credibility was withheld from the jury, from Defendants, and from the Court.  For Plaintiff's counsel to silently sit by while Sweet gave incomplete testimony during cross examination, and then to use that incomplete testimony in misleading argument to the jury, simply cannot be condoned by the Court. Plaintiff's counsel, and Plaintiff's counsel alone, invaded the province of the jury with regard to a witness critical to Plaintiff's case, as Justine Sweet was in this instance.

Therefore, under the circumstances of this case, the Court found the integrity of the judicial process itself was compromised and a serious miscarriage of justice occurred. Sweet's uncorrected and incomplete testimony concerning the witness fee she received prior to trial and the additional compensation Plaintiff's counsel had promised her, coupled with statements by Plaintiff's counsel made during closing argument, severely interfered with the very core of the jury's function, such that there are serious questions as to the fairness and legitimacy of the verdict.  (Dkt. 202 at 17-18.)  As such, the Court concluded the conduct permeated the entire proceeding, not just closing argument, and fundamentally prejudiced the defense in violation of Rule 59(a)(1)(A).  (Dkt. 202 at 18)

**MEMORANDUM DECISION AND ORDER - 10**

(citing *Hemmings*, 285 F.3d at 1192).  Further, the Court found Defendants had proven by clear and convincing evidence that the verdict was unfairly obtained, and the misconduct of Plaintiff's counsel prevented Defendants from fully and fairly presenting their defense in violation of Rule 60(b)(3).  (Dkt. 202 at 18) (citing *Casey*, 362 F.3d at 1260; *Dixon v. C.I.R.*, 316 F.3d 1041, 1046-47 (9th Cir. 2009)).

Rather than presenting a controlling question of law appropriate for interlocutory appeal, Plaintiff challenges the Court's application of existing law on Rule 59 and Rule 60 to the factual circumstances of this case.  Although Plaintiff argues that the Court erred by "applying the incorrect legal standard to the undisputed facts of the case" and granting a new trial for the "mere non-disclosure of evidence," (Dkt. 219 at 3), Plaintiff's arguments clearly mischaracterize the reasoning underlying the Court's decision to grant a new trial.  Plaintiff does not demonstrate that the Court applied the incorrect standard, but instead argues the Court applied the correct standard incorrectly in ordering a new trial based upon misconduct by Plaintiff's counsel—a minute but important distinction that determines whether the question at issue is a question of law or a mixed question concerning the Court's application of Rule 59 and Rule 60.  Were the Court to permit such an appeal contesting its application of Rule 59 and Rule 60, the Ninth Circuit—like the Court in writing its Order—would have to comb through the voluminous record to review the evidence, the post-trial submissions by both parties, and the arguments presented.  No controlling question of law can exist where the Court's decision is a mixed question of law and fact or the application of law to a particular set of facts.

**MEMORANDUM DECISION AND ORDER - 11**

Because Plaintiff has failed to identify a controlling question of law sufficient to warrant certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the Petition for permission to appeal will be denied.  *See In re Cement*, 673 F.2d at 1026 (holding that interlocutory appeal is only justified under "exceptional circumstances.").  The Court will, however, briefly address the second and third requirement for certification—neither of which is met by Plaintiff.

2.  The Order does not involve a controlling question of law for which there are substantial grounds for difference of opinion.

The second requirement Plaintiff must meet for this Court to grant permission for an interlocutory appeal is the existence of substantial grounds for a difference of opinion regarding the controlling question of law.  Traditionally, a substantial ground for difference of opinion exists "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (internal quotations omitted).

Yet, a substantial difference of opinion is not present simply because a court is the first to rule on the particular question or just because one party argues that one precedent is controlling.  *Id.*  Further, disagreement with the Court's ruling does not create a "substantial ground for difference;" the moving party "must make some greater showing."  *Ass'n of Irritated Residents*, 634 F. Supp. 2d 1081 at 1090.  Additionally, the fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion."  *Couch*, 611 F.3d at 633.

**MEMORANDUM DECISION AND ORDER - 12**

Plaintiff argues that, "whether Hilliard's payment of $91.50 to an expert fact witness before trial, and a $500.00 payment to her after trial, amounts to a 'miscarriage of justice' and 'fraud on the court' sufficient for ordering a new trial under Rule 59 and Rule 60(b)(3) leaves 'substantial room for differences of opinion.'" (Dkt. 211-1 at 9-10.) As such, Plaintiff contends that the Court's conclusions amount to plain legal error. *Id.* at 10.

Plaintiff's argument fails to present a controlling question of law for which there is a substantial ground for difference of opinion. Rather, Plaintiff's argument for this second requirement expresses his mere disagreement with the Order. But, disagreement over the Court's application of settled law does not establish a substantial ground for difference of opinion. *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1090; *see also Couch*, 611 F.3d at 633.

In his briefing, Plaintiff mischaracterizes the Court's bases for ordering a new trial under Rule 59 and Rule 60(b)(3) by addressing only the credibility of the GAIN assessment conducted by Justine Sweet in 2017 and Sweet's testimony regarding that GAIN assessment. However, Sweet's testimony expanded well beyond that of a custodian of record for the GAIN assessment, which was admitted in evidence as an exhibit for the jury's consideration. Plaintiff fails to address the core of the Order: that the unfair and prejudicial conduct of Plaintiff's counsel compromised the judicial process

**MEMORANDUM DECISION AND ORDER - 13**

and resulted in a "serious miscarriage of justice." (Dkt. 202.)[3]  Because the arguments

offered by Plaintiff do not encompass the Court's rationale for granting a new trial, as

explained in the Order, Plaintiff has failed to satisfy the second requirement of Section

1292(b).

   3.  <u>Immediate appeal would not materially advance the ultimate termination of litigation.</u>

Because the Court has determined that there is no controlling question of law—let

alone one upon which a substantial ground of difference of opinion exists—at issue here,

the Court need not address whether certification would materially advance the ultimate

termination of litigation.  Yet, to this end, the arguments set forth by both Plaintiff and

Defendants in regard to economy and efficiency neutralize one another.  The time and

cost to pursue an interlocutory appeal versus a new trial are somewhat equal.  However,

the Court acknowledges the length of this litigation and the cost expended thus far.  As

such, the Court recommends that the parties consider options to avoid further litigation

costs by conferring with one another and attempting to mediate a resolution on or before

March 10, 2023.  (Dkt. 216.)

---

[3] Plaintiff set forth three separate arguments for which he contends the Order presents controlling issues of law for which there is a substantial ground for difference of opinion: (1) newly discovered impeachment evidence cannot justify a new trial as a matter of law; (2) the Court committed plain error ordering a new trial based on testimony that was not clearly perjurious; and (3) the Court committed clear legal error by failing to distinguish between the testimony of Rule 26(a)(2)(B) experts and Rule 26(a)(2)(C) experts.  Again, Defendants accurately address these arguments in their opposition brief.  (Dkt. 218.)

**MEMORANDUM DECISION AND ORDER - 14**

## CONCLUSION

In sum, the Court does not find support for Plaintiff's claim that the Court committed error in applying Rules 59 and 60 to the circumstances regarding the undisclosed compensation paid to and promised to Justine Sweet by Plaintiff's counsel. Neither does the Court find the existence of a controlling issue of law that would support an immediate appeal of the Order. Plaintiff's attempted recharacterization of the bases for the Order neither mandates nor persuades the Court to change its course. The Petition will be denied and the new trial date will remain in place.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follow:

1) Plaintiff's Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b)
   (Dkt. 211) is **DENIED**.

DATED: January 11, 2023

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**