Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICE
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, a Public Entity, TWIN FALLS COUNTY, a Public Corporation,<br><br>Defendants. | Case No. 1:18-cv-00550-CWD<br><br>**AFFIDAVIT OF JEFFREY HEPWORTH RELATED TO F.R.C.P 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT OF DISMISSAL (Dkt. 227)** |

STATE OF IDAHO )
: ss.
County of Ada )

I, Jeffrey Hepworth, being first duly sworn, depose and say:

1. My name is Jeffrey Hepworth. I am an attorney of record for Plaintiff Brent E. Hilliard ("Hilliard). I make this affidavit of my own personal knowledge.

2. This affidavit is submitted in support of Hilliard's Fed. R. Civ. P. 60(b) Motion to set aside the order of dismissal and settlement entered between the parties after the Court ordered a new trial on the basis of the Defendant's Fed. R. Civ. P. 60(b) motion. I request the

Judgment of the jury to be reinstated.

3. Attached hereto as Deposition **Exhibit 3** is a Bar complaint Defense Counsel Pamela Howland filed against me, Jeff Hepworth and my son, Grady Hepworth on March 8, 2022. I was not aware of the Bar Complaint until September 29, 2022. I voluntarily contacted the Bar Counsel on September 29th after receiving this Court's decision September 14, 2022 which granted the Defendant's Motion for New Trial. Based on the Court's written decision Grady and I determined we were ethically required to report the Court's decision that we violated the rules related to disclosures of compensation of experts. I found out from Bar Counsel Pam Howland filed this Complaint on March 8, 2022.

4. The Court's decision and the Bar Complaint are primarily based on false representations of fact made by Pamela Howland and Howland's failure to disclose material facts. This affidavit addresses the evidence that Pamela Howland had intentionally misled both this Court and the Bar. I attempted to take Pam Howland's deposition to obtain all relevant evidence related to these matters on August 25, 2023. Attached hereto as **Exhibit 1** is the deposition transcript. Prior to the deposition I sent 44 deposition exhibits to Pamela Howland's attorney and to Bar Counsel that I believe relate to Howland's fraudulent representations. They are marked deposition exhibit 1-44. I was unable to get Howland to discuss all of these exhibits in the deposition. However, I will refer to the documents by the deposition exhibit number in this Affidavit and or the Dkt. number in the Federal Pleadings. Many of these exhibits were discovered after the Court's September 14, 2022 decision and should be considered as new evidence in opposition to Defendant's motion for New Trial and in support of Hilliard's Rule 60(b) motion to reinstate the jury verdict.

5. Attached hereto as Deposition **Exhibit 11** is a letter I received from Attorney Kevin West on or about February 10, 2020 regarding Dr. Tye's deposition on March 6, 2020. Dr. Tye refused to appear for the deposition unless we paid him $175 per hour for his time.
6. I informed Kevin West we would pay the required fee as it was my opinion that was a reasonable hourly rate and Dr. Tye was entitled to a reasonable hourly rate. It was the standard practice in Idaho to pay "percipient experts" a.k.a non-retained (non-report writing fact experts) a reasonable fee for their time. Fed. R. Civ. P. 26(b)(4)(E requires a party seeking discovery to pay the expert a "reasonable fee for time spent responding to discovery."
7. After taking Dr. Tye's deposition March 6, I received an invoice from Dr. Tye dated March 11, 2020 in the amount of $525 for a 3-hour deposition. We paid the invoice sometime after receiving the invoice.
8. Attached hereto as Deposition **Exhibit 14** is an email I received March 14, 2020 from Pam Howland responding to my "call" which I believe was a voice message stating a standard arrangement I follow in litigation. It is my habit and practice to get opposing counsel to agree to share expert charges in an equitable manner. The attorney taking the testimony pays the experts time in the hearing. The attorney defending will pay for any time the expert takes to prepare for the testimony which is generally assumed to benefit that attorney. The expert gets paid for both preparation time and testimony time but the cost is shared or split depending on which party controls and is benefitted by the expenditure of time. This email proves Pam Howland knew Dr. Tye and the other non-retained fact experts would be paid for their time.

9. At the time the County filed and argued their Fed. R. Civ. P. 60(b) motion I remembered this communication with Pam Howland but I had forgotten she confirmed the voice message with an email. I did an extensive search of my computer looking for emails after Judge Dale granted the County's Rule 60(b) motion. I found this email in October 2022. The court was not aware of this email when it granted the County's motion. This email corroborates my statement made in my Affidavit Dkt. 185-1 that "Pam Howland knew as much as I did about the fee arrangements for the expert witnesses." Pam Howland disputed we exchanged information about the expert billing rates and claimed my affidavit was "false."

10. Attached as Deposition **Exhibit 19** is a June 2, 2020 email from Jennifer Walrath to me confirming a phone call, I made to Pam Howland confirming Howland would pay Shelley Wray a "reasonable hourly rate" for the deposition Howland had scheduled for Ms. Wray on June 3, 2020. In response to Walrath's question about her rate I responded "I think she said $100 per hour." I confirmed that rate with Ms. Wray prior to her zoom depo. The Defense attorneys have not disclosed to me or the Court if they complied with Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26(b)(4)(E) and paid Wray the subpoena fee and deposition fee. That is material evidence that should have been disclosed by the Defendant's in relation to their Fed. R. Civ. P. 60 (b) motion. That evidence was material to their motion and still has not been disclosed to me or the Court. It would prove Howland knew Wray charged $100 per hour and her affidavit stating she didn't know Wray's rate was false.

11. Attached hereto as Deposition **Exhibit 12** is an email I sent to Pam Howland November 5, 2021 at 10:25 a.m., her response at 1:35 p.m. and my response to her November 5th at 2:09p.m. The emails are self-explanatory but I reference the letter from Kevin West which I

sent to Ms. Howland confirming Dr. Tye would be paid $175 per hour for his time. This proves Pam Howland knew what Dr. Tye charged.

12. Mark Gritton informed Ms. Howland on June 3, 2020 he charged $500 per hour. (Dkt 95-3 at 14-17). These records conclusively prove Pam Howland knew Dr. Tye charged $175 per hour, Shelley Wray charged $100 per hour and Mark Gritton charged $500 per hour and received a $1,000 retainer before his deposition on June 3, 2020. When those witnesses testified in trial in November 2021 Pam Howland knew what their billing rates were because I made sure she knew and agreed to pay the witnesses these rates. When Pam Howland claimed she didn't know the billing rates of these Crosspointe witnesses, Gritton and Wray, that was obviously false. Pam Howland misled the Court when she claimed my affidavit was false.

13. Justine Sweet was deposed by Pam Howland June 9, 2020 pursuant to subpoena attached as Deposition **Exhibit 22**. The subpoena attached Fed. R. Civ. P. 45 including Fed. R. Civ. P. 45(b)(1) regarding tendering the fees for 1 day's attendance with the Subpoena and Fed. R. Civ. P. 45(d)(1) requiring a "party or attorney" to take "reasonable steps" to avoid imposing undue burden on the person subject to the subpoena.

14. Justine Sweet's deposition and the GAINS report which contained the results of the substance abuse assessment were lodged with the Court as part of Hilliard's expert disclosures. (Dkt. 95-4 and 95-5) prior to trial.

15. I could not locate Justine Sweet prior to her deposition. I now know she moved from Twin Falls to Boise in the Spring of 2020. I had never talked to Justine Sweet until her zoom deposition.

16. Based on Fed. R. Civ. P. 45 and the agreement I had with Ms. Howland as corroborated by her email to me March 14, 2020, Pam Howland was required to pay Justine Sweet a subpoena fee of $40 and a "reasonable fee for her time pursuant to Fed. R. Civ. P. 26(b)(4)(E)." Pam Howland confirmed her understanding of that obligation to Ms. Sweet on page 56 of Dkt. 95-5.

17. I attended the Zoom deposition of Justine Sweet on June 9, 2020 in my office. I am sure I heard Pam Howland tell Justine Sweet that Ms. Howland would pay her for her time but I had no memory of that promise. I found out August 25, 2023 Ms. Howland had made that promise when I took Pam Howland's deposition for purposes of defending myself in the Idaho State Bar proceeding arising out of the fraud on the court claim Pam Howland asserted against me in the Hilliard case.

18. In the Hilliard case I assumed all percipient experts would be paid a "reasonable fee" for their time spent in the litigation. The law is clear Pam Howland was obligated to pay Justine Sweet a "reasonable fee" for the June 9, 2020 deposition. In my opinion it was reasonable for me to believe Pam Howland would obey the law. I assume Pam Howland would know what Justine Sweet charged for her time by asking Justine how much she charged. Ms. Howland never told me she didn't pay Justine Sweet until her deposition in 2023. I did not meet with Justine Sweet to prepare for her deposition, so I had no obligation to pay her in 2020. I did not know her billing rate.

19. I now know Pam Howland knew more than I did about Justine Sweet's fee arrangements. Ms. Howland knew Justine Sweet did not send Howland an invoice. In my opinion, Howland had a duty to pay Sweet the subpoena fee required by Fed. R. Civ. P. 45 at a minimum

because it is mandatory. I don't know if Justine Sweet knowingly waved her rights to a reasonable fee under Fed. R. Civ. P. 26(b)(4)(E). My interpretation of Rules 45 and Rule 26 is that Howland was required to take "reasonable steps" to determine Sweet's billing rate and pay her for her time. Ms. Howland had a duty to protect Sweet because Howland subpoenaed Sweet.

20. Attached hereto as **Exhibit 46** is a chain of text messages I exchanged with Justine Sweet prior to trial. The first text was October 13, 2021 when I tried to set up a meeting with Justine to prepare for trial. I told her she would testify about the "evaluation" referring to the GAINS assessment. I believe we finally met Monday, October 25, 2021 around 4:00p.m. for 60-90 minutes. I had hoped Justine would testify voluntarily and willingly. After meeting with her it was clear she was very intimidated by the prospect of testifying in Court in front of a bunch of strangers and it would be necessary to subpoena her. I believe I followed my normal practice and advised Justine on October 25th that we would pay her a "reasonable fee for her time." That is my habit and practice with percipient fact experts.
21. I instructed my partner, Grady Hepworth to subpoena Ms. Sweet to testify because we couldn't risk her not voluntarily testifying. She was a critical percipient expert witness that was needed to explain to the jury her expert qualifications, experience and the scientific theory underlying the GAINS Substance Abuse test. Ms. Howland had not stipulated to the findings of the GAIN test so we needed Justine Sweet to get the test result into evidence.
22. I did not see the witness check Grady signed and had the process server "tender" to Justine Sweet when the subpoena was served. At the time of trial I did not know the check was for $91.50 and I don't believe the amount is material evidence in the Hilliard trial. The main

issue in the Hilliard trial was whether Twin Falls County could prove their affirmative defense that Hilliard had a substance abuse problem. The GAIN test proved he did not.

23. I met Justine and Grady again on Saturday, November 6, 2021 around 2:00p.m. This time Justine came well prepared after printing off the GAIN test questions, she located. (See text from Justine November 4, 2021). She was able to explain to me how she administered the test and she became more confident. Justine explained her "crazy schedule" and told us she wanted to testify after work at 8:30 a.m. on Tuesday instead of in the afternoon one day and in the morning the next day as we had originally discussed.

24. Justine Sweet never told me her billing rate on either visit. I wasn't concerned because I believed she wasn't the type to overcharge. I had no intention of asking that question at trial because in my opinion it is of limited evidentiary value. If an expert tries to overcharge me, I can always refuse to pay and have the Judge determine a "reasonable rate." There is a process to resolve that type of dispute.

25. Justine Sweet appeared for trial on time to testify by 8:30a.m. The Court minutes indicate she testified from 8:40 until the morning break at 10:27.

26. On cross-examination Pam Howland asked her if she was "being paid for her testimony today" and Justine quickly answered $40. In my opinion her demeanor was such that she seemed annoyed by the question. I was annoyed by the question because Justine wasn't being paid for "testimony." I considered the question argumentative but I didn't object. I assumed the $40 referred to the subpoena fee. I knew her answer was truthful because we had not agreed to pay her anything more. I didn't know at the time Pam Howland hadn't paid her anything for her deposition. Justine and I never discussed possible rates before she

testified. I had no idea her rate was zero. The Court referred to Justine Sweet's response as "curt" (Dkt. 202 at 13). Howland referred to it as "hostile" Deposition **Exhibit 41** at 13:16.

27. It is possible I talked to Justine after she testified when we took morning recess. It's possible I told her to send me a bill just like Howland had after her deposition. I know she never told me she didn't charge for her deposition and never told me an hourly rate. I had no idea what Justine Sweet expected as compensation, if any, during trial.

28. In closing argument, I argued Justine Sweet was credible because she was not a "high paid hired gun." In my opinion that was a valid counter argument to Pam Howland's evidence suggesting Justine Sweet was paid for "testimony." My argument addressed evidence Ms. Howland presented to the jury. I assume Ms. Howland believed her questions of Ms. Sweet was helpful to the County. I wanted to counter the County's argument. In my opinion Justine Sweet was credible and deserved to be treated with respect. I thought Howland was disrespectful. I now know Howland hid evidence from the jury, the Court, and me. Howland had no factual basis to claim Sweet's testimony was a result of financial motivation. Howland actually knew as a fact Sweet had not charged for her time. In my opinion Howland added the word "today" to her question to hide the fact Sweet didn't charge for her time <u>before</u> "today."

29. The day after the trial my first priority was to get a judgment entered as soon as possible to maximize interest on the judgment. Priority number two was to submit a timely cost bill including all expert witness invoices through November 18th, the last day of trial.

30. Grady and I debated whether we should pay Justine Sweet. We didn't know if she would send us an invoice or not. We assumed the other experts who were more experienced would

send us updated invoices accounting for their trial time. Our main concern was that we received the invoices in time to include with our cost bill that had to be filed within 14 days of the Judgment. The judgment was entered November 23, 2021 (Dkt. 143). The cost bill had to be filed before December 7, 2021 in order to protect our client.

31. I am the senior partner. I made the decision Friday, November 19, 2021 the day after the Jury ruled in our favor, to go ahead and pay Justine Sweet $100 per hour for an estimated 2 hours of trial and 3 hours total prep time for a total of $500. I made that decision after debate on November 19, 2021. We discussed other options like flowers or a gift certificate to a restaurant. I determined that fairness required us to pay what I considered to be fair to Justine Sweet and to Brent Hilliard. I issued payment that day because it was my opinion Justine may not get around to sending an invoice given her busy schedule and her apparent generosity. She had never asked me to pay her as of November 19, 2021. I paid her only because I thought it was fair to do so. Rule 45(d)(1) requires an attorney to take "reasonable steps" to avoid imposing undue burden or expense on a person subject to a subpoena. I complied with Fed. R. Civ. P. 45 at all times. Now that I know Pamela Howland did not pay Justine Sweet, I contend Howland violated Rule 45 by not taking "reasonable steps."

32. Sometime during the week of November 22 to November 26, 2021 my bookkeeper Trina told me we received an invoice from Justine Sweet for 2 hours at $125 per hour for $250. I was surprised we received an invoice. I didn't expect to receive one. Now I know I should have been more patient. I have no idea what caused Justine to send me an invoice but not Ms. Howland. Attached as Deposition **Exhibit 33** is the Sweet invoice my office received after November 22, 2021 and a copy of the check stub Grady sent to the defense team in

support of our motion for costs.

33. I had sent Ms. Sweet a text on November 18, 2021 at 10:17p.m. after we got the jury verdict. I let her know we won. She replied November 22, 2021 that she was happy. She texted me again on November 24, 2021 thanking me for my "generous and kind" check.

34. I texted Justine on January 20, 2022 after we received the Rule 60(b) motion for fraud on the Court. I have tried to call Justine numerous times but she wouldn't answer. I have been unable to find out answers to my questions about why Ms. Sweet didn't bill Howland but did send me a bill after trial.

35. I decided to pay Justine Sweet November 19, 2021 because I wanted to be fair to Justine Sweet. I didn't think she would send me a bill because she never told me a rate and never brought the issue up to me when we met October 25th and November 6, 2021. This was different than Dr. Tye's demand letter and Mark Gritton demanding $500 per hour for his time. Even Shelley Wray knew she should be paid and made sure we paid her. Our payment complied with our legal duties under Rule 45. Further, by immediately notifying Defense Counsel we complied with our ethical obligations required under I.R.C.P. 3.3(a)(3). We disclosed the payment to the Court and defense counsel of our post-trial payment so the Court could determine how much was a "reasonable fee" in light of Defense Counsel's objection. Defense Counsel took the position Justine Sweet should not be paid anything ever.

36. Ms. Sweet didn't bill Pam Howland for her deposition. On November 19, 2021 I didn't believe she would send me a bill. That is why I sent her a check <u>before</u> we received the invoice. I wanted to be fair and treat her like the other experts and pay a reasonable rate for her time. I believe I complied with my ethical and legal obligation and it is clear Pam

DEPOSITION EXHIBIT 33

Witness Fee

Justine Sweet, LCSW
982 N. Maple Grove Road
#L107
Boise, ID 83704

Case: Brent E. Hilliard v Twin Falls County Sheriff's Office

Witness Fee (2 hours) $125 x 2 $250 (Total)

EFFREY J. HEPWORTH, P.A.

Justin Sweet 11/19/2021 8387

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 11/19/2021 | Bill | HILLIARD | 500.00 | 500.00 | | 500.00 |
| | | | | | Check Amount | 500.00 |

Checking - Idaho 1st HILLIARD v TFCSO 500.00

Safeguard SF5001NL-1 LITHO USA Safeguard TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 800-999-9799 CC-ID1L0010000 Y15SF005184

C22E2D SLKDK01 07/20/2021 10:40 116

her time. I believe I complied with my ethical and legal obligation and it is clear Pam Howland violated Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45 by failing to pay Justine Sweet.

37. Attached hereto as Deposition **Exhibit 45** is Order Granting Protective Order prohibiting evidence in the Pam Howland deposition. Pursuant to I.R.C.P. 3.4 a lawyer shall not "unlawfully obstruct another party's access to evidence." I believe Pam Howland has records that would reveal whether she paid Mark Gritton and Shelley Wray for their deposition time. This evidence would prove if Howland knew their billing rates prior to trial. Howland likely has evidence related to invoices she received after trial from experts. This evidence would prove that paying expert witness after trial is not unusual. In fact, it is almost always the case. The timing of the payment to Sweet was not unusual. Nearly every expert that testified for Plaintiff got paid additional money for invoices they submitted after November 18, 2021.

38. Further Affiant Sayeth Naught.

DATED this 28th day of September, 2023.

[signature]
Jeffrey Hepworth

SUBSCRIBED AND SWORN to before me this 28th day of September, 2023.

LEXIE JAMES HEPWORTH
Notary Public - State of Idaho
Commission Number 20230185
My Commission Expires Jan 13, 2029

[signature]
NOTARY PUBLIC FOR IDAHO
Residing at: Boise, ID
My Commission Expires: Jan. 13, 2029

CERTIFICATE OF SERVICE

The undersigned, a resident attorney of the State of Idaho, with offices at 2229 W. State Street, Boise, Idaho, certifies that on the 28th day of September, 2023, he caused a true and correct copy of the AFFIDAVIT OF JEFFREY HEPWORTH RELATED TO F.R.C.P 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT OF DISMISSAL to be forwarded with all required charges prepaid, by the method(s) indicated below, to the following:

| | | |
|---|---|---|
| PAMELA S. HOWLAND<br>Idaho State Bar No. 6177<br>IDAHO EMPLOYMENT LAWYERS, PLLC<br>1116 S. Vista Ave., #474<br>Boise, ID 83705<br>Telephone (208) 484-8921<br>Facsimile: (208) 534-7445<br>Email: phowland@idemploymentlawyers.com<br>*Attorneys for Twin Falls County Sheriff's Office; Twin Falls County, Defendants* | Hand Delivered<br>U.S. Mail<br>Fax<br>Fed. Express<br>ECF/Email | ____<br>____<br>____<br>____<br>X |

/s/ *J. Grady Hepworth*
J. Grady Hepworth