UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual,<br><br>                Plaintiff,<br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, a Public Entity, and TWIN FALLS COUNTY, a Public Corporation,<br><br>                Defendants. | Case No.  1:18-cv-00550-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Set Aside Judgment pursuant to Fed. R. Civ. P. 60(b), filed on September 28, 2023, with respect to the Court's Order for Dismissal with Prejudice entered on February 27, 2023.  (Dkts. 228, 227.)  Defendants oppose the motion.  (Dkt. 230.)  Also pending is Defendants' Motion to Strike, filed on November 9, 2023.  (Dkt. 232.)  Both motions have been fully briefed and are at issue. Pursuant to Local Rule 7.1(d)(1), the Court finds this matter appropriate for decision without oral argument.  As explained below, the Court will deny Plaintiff's motion and grant Defendants' motion in part.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND[1]

On September 14, 2022, the Court entered its Memorandum Decision and Order granting Defendants' Motion for New Trial or to Alter or Amend Judgment, and Defendants' Motion for Relief from Judgment. (Dkt. 202, 223.) After careful consideration of the record and the controlling law, the Court concluded that Plaintiff's counsel knowingly presented to the jury an inaccurate and incomplete portrayal of compensation tendered to and promised to be paid by Plaintiff to a critical witness, Justine Sweet, in connection with her trial testimony. Significantly, the Court found this misconduct by Plaintiff's counsel fundamentally invaded the province of the jury to determine the credibility of the evidence—in particular the testimony of Justine Sweet—and interfered with Defendants' ability to fully and fairly present their case. (Dkt. 202 at 11.) Further, the Court found that this misconduct constituted plain and prejudicial error warranting a new trial pursuant to Rule 59 and Rule 60. *Id.* Accordingly, the Amended Judgment (Dkt. 154) was vacated on September 14, 2022. (Dkt. 202.) Shortly thereafter, a new jury trial date was set for April 10, 2023. (Dkt. 216.)[2]

On January 25, 2023, the Court was informed by the parties that the case had settled in its entirety and that the trial date could be vacated. (Dkt. 224.) On February

---

[1] The procedural and factual background prior to the Court's new trial order is well known to the parties and not repeated herein.

[2] On September 20, 2022, Plaintiff filed a Notice of Appeal. (Dkt. 205.) On September 29, 2022, the Ninth Circuit ordered Plaintiff to show cause for appellate jurisdiction. Thereafter, on September 30, 2022, Plaintiff voluntarily withdrew the appeal as a matter of right, (Dkt. 210), and instead, on October 4, 2022, filed a Petition for Permission to Appeal. (Dkt. 211.) On January 11, 2023, the Court denied Plaintiff's petition. (Dkt. 222.)

**MEMORANDUM DECISION AND ORDER - 2**

22, 2023, the parties filed a stipulation for dismissal with prejudice pursuant to Fed. R. Civ. P. 41.  (Dkt. 226.)  On February 27, 2023, the Court granted the stipulation and dismissed the case with prejudice.  (Dkt. 227.) [3]

In Plaintiff's September 28, 2023 motion, Plaintiff requests the Court to "set aside a judgement [sic] of dismissal and settlement agreement."  (Dkt. 228-1 at 1.)[4]  Plaintiff further "requests that the Court vacate its previous [September 14, 2022] order granting Defendants' motion for a new trial (Dkt. 202), and to reinstate the jury verdict and judgment rendered at trial."  (Dkt. 228-1 at 20.)  Through the materials submitted by the parties with these pending motions, the Court was informed of formal proceedings commenced in May of 2023 before the Professional Conduct Board of the Idaho State Bar in *Idaho State Bar v. Jeffrey J. Hepworth*, ISB Case No. FC 23-02.  Because those proceedings provide essential context to the Court's decision, a timeline of the professional conduct board proceedings, unknown to the Court before Plaintiff's motion to set aside the judgment of dismissal was filed, follows.[5]

---

[3] The judgment of dismissal pursuant to the parties' stipulation is formally titled and appears in the docket as the "Order for Dismissal with Prejudice."

[4] Although the parties have provided terms of the settlement agreement to the Court with their briefing, the parties did so only in connection with the pending motion to set aside judgment.  Neither party filed a motion with the Court to either enforce or vacate the settlement agreement.  In Plaintiff's opposition to Defendants' motion to strike, however, Plaintiff states that he "will litigate the [s]tate claim to set aside the settlement agreement for fraud."  (Dkt. 233 at 3.)  Regardless, compliance with the terms of the settlement agreement is not before the Court.

[5] The timeline of the professional conduct board proceedings is derived from the Order Imposing Sanctions and Granting a Protective Order issued by the hearing committee of the Professional Conduct Board on November 7, 2023, which was submitted with the affidavit of defense counsel, Sam Angell. (Dkt. 232-2.)

**MEMORANDUM DECISION AND ORDER - 3**

To begin, a complaint was filed by the Idaho State Bar (ISB) against Plaintiff's counsel in this matter, Jeffrey Hepworth, on May 31, 2023.  Sometime shortly thereafter, Mr. Hepworth subpoenaed Defendants' trial counsel, Pamela Howland, for a third-party deposition in the ISB matter.[6]  The Hearing Committee for the Professional Conduct Board granted a motion filed by counsel for Ms. Howland to quash the subpoena, in part, along with a protective order regarding the scope of the deposition questioning that would be allowed.  On August 16, 2023, counsel for Ms. Howland filed a motion for fees and costs for those incurred with filing the motion to quash.

Ms. Howland's deposition was taken by Mr. Hepworth on August 25, 2023.  On September 11, 2023, counsel for Ms. Howland filed a motion, seeking sanctions against Mr. Hepworth for violating the protective order during Ms. Howland's deposition.  On October 6, 2023,[7] counsel for Ms. Howland also filed a motion for protective order, seeking to prevent Mr. Hepworth from disclosing a letter  she sent to the ISB in March of 2022 and her deposition testimony outside of the ISB matter.  The Hearing Committee of the Professional Conduct Board issued an order imposing sanctions and granting a protective order on November 7, 2023.  (Dkt. 232-2.)

---

[6] On October 18, 2023, Blake Hall and Sam Angell filed a notice of substitution as counsel for Defendants.  (Dkt. 226.)

[7] Notably, counsel for Ms. Howland filed this motion for protective order after Plaintiff's motion to set aside judgment of dismissal was filed with the Court, along with a letter sent by Ms. Howland to the ISB in March of 2022 and the transcript of Ms. Howland's deposition testimony taken on August 25, 2023.

**MEMORANDUM DECISION AND ORDER - 4**

Apparently in response to the second protective order entered by the Hearing Committee in the ISB matter, Defendants filed their Motion to Strike on November 9, 2023. (Dkt. 232.) Defendants' motion requests that the Court strike various filings related to the ISB matter from the record in this case. Plaintiff opposes the motion to strike.

## LEGAL STANDARD

Whether to grant or to deny a motion under Fed. R. Civ. P. 60(b) is within the district court's discretion. *Cmty. Dental Serv. v. Tani*, 282 F.3d 1164, 1167 n. 7 (9th Cir. 2002).

"A voluntary dismissal is a judgment, order, or proceeding from which Rule 60(b) relief can be granted." *Deere v. CDC Medical Staff*, No. 2:16-cv-1695-EFB P, 2019 WL 697157, at *1 (E.D. Cal. Feb. 20, 2019) (citing *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995)). "However[,] it is a well-established principle that Rule 60(b) does not provide relief from 'free, calculated, [and] deliberate choices' made by litigants." The Court may set aside the parties' stipulated dismissal order only if Plaintiff can demonstrate that the asserted grounds for relief fall within one of the categories enumerated in Rule 60(b). *See Hernandez v. Kini-Kini*, Case No. 2:19-CV-00743-SB, 2021 WL 3423957, at *2 (D. Or. July 12, 2021).

## DISCUSSION

I. **Plaintiff's Motion to Set Aside Judgment**

Plaintiff argues that two specific subsections in Rule 60(b), newly discovered evidence under Rule 60(b)(2) and fraud under Rule 60(b)(3), provide grounds for relief from the judgment of dismissal. Plaintiff also argues that the catchall provision in Rule 60(b)(6) provides an alternative to support his proposed relief. Defendants oppose Plaintiff's motion for three reasons: (1) Plaintiff's motion is untimely; (2) Plaintiff has failed to establish, by clear and convincing evidence, that the judgment of dismissal was obtained by fraud, misrepresentation, or other misconduct pursuant to Rule 60(b)(3); and (3) Plaintiff has not demonstrated that "extraordinary circumstances" prevented or rendered him unable to prosecute his case, as required under Rule 60(b)(6). (Dkt. 230 at 6.) The Court has reviewed the parties' arguments and controlling law. Having done so, the Court finds Plaintiff has not met any of the criteria required under Rule 60(b)(2), (b)(3), or (b)(6) to set aside the judgment of dismissal entered on February 27, 2023. Thus, Plaintiff's motion will be denied.

1. Plaintiff failed to timely file a motion under Rule 60(b)(2) or (b)(3) to obtain the requested relief of setting aside the Court's new trial order.

Federal Rule of Civil Rule Procedure 60(b) permits "a party to seek relief from a final [order], and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(1) through (b)(5) supply specific grounds for setting aside an order. Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rule 60(b)(1)

through (b)(5) are inapplicable. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988).

Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). But for some, including motions under Rule 60(b)(2) and (b)(3), that "reasonable time" may not exceed one year. Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(6) are not subject to this one-year constraint.

Here, Plaintiff filed the present motion to set aside the judgment of dismissal on September 28, 2023. Implicitly, [8] Plaintiff requests that the Court vacate its Memorandum Decision and Order granting a new trial (new trial order) on September 14, 2022. (Dkt. 202.) Because Plaintiff filed his motion outside of the prescribed reasonable time of one year, the requested relief of setting aside the new trial order under Rule 60(b)(2) and (b)(3) is time-barred under Rule 60(c)(1) and will be denied.

The Court will now turn to Plaintiff's request for relief from the Order for Dismissal with Prejudice entered on February 27, 2023, and Plaintiff's request for relief under Rule 60(b)(6).

---

[8] Plaintiff's requests as to what relief is sought from the Court is broad reaching. Plaintiff's motion is postured as a motion to "set aside a judgement [sic] of dismissal and settlement agreement." (Dkt. 228-1 at 1.) However, in his memorandum in support of the motion, Plaintiff "requests that the Court vacate its previous order granting Defendants' motion for a new trial (Dkt. 202), and to reinstate the jury verdict and judgment rendered at trial." (Dkt. 228 at 20).

**MEMORANDUM DECISION AND ORDER - 7**

2. <u>Plaintiff has failed to demonstrate newly discovered evidence exists that would have been likely to change the Court's disposition in entering its judgment of dismissal.</u>

Rule 60(b)(2) allows for relief from a final judgment, order, or proceeding for newly discovered evidence that could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(2). "Relief from [an order] on the basis of newly discovered evidence is warranted if: (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation and internal quotation marks omitted).

Here, Plaintiff requests that the Court consider "newly discovered evidence and vacate its prejudicial conclusion [in the new trial order entered on September 14, 2022] that Plaintiff's counsel committed fraud on the Court." (Dkt. 228-1 at 2.) Narrowly, Plaintiff argues, through his counsel, that he discovered new evidence in connection with the ISB matter, and that its disclosure earlier would have changed the Court's disposition in its new trial order. As far as the Court can determine, the alleged new evidence relates to the parties' agreement (or lack thereof) regarding the compensation of non-retained expert witnesses for their time spent during depositions taken by the parties prior to trial

**MEMORANDUM DECISION AND ORDER - 8**

and, in particular, the fact that Defendants did not tender any compensation to Justine Sweet to account for the time she spent when her deposition was taken prior to trial.

The fatal oversight with Plaintiff's argument is the irrefutable fact that the Court's new trial order related to conduct of Plaintiff's counsel during the trial in November of 2021 and had nothing to do with Ms. Howland's conduct during the discovery process. To be clear, the Court's new trial order was based on what Jeffrey Hepworth admittedly knew but did not disclose to the jury or to defense counsel at the time he conducted the direct and redirect examinations of Justine Sweet and at the time he gave his closing argument. According to his own affidavit testimony and explanation of the same to the Court during oral argument on the post-trial motions, Jeffrey Hepworth had promised, before she testified at trial, to pay Ms. Sweet more than the standard $40.00 witness fee in connection with her trial testimony. Indeed, Mr. Hepworth's follow-through on that promise the morning after the favorable jury verdict was rendered, by sending Ms. Sweet a check for $500.00, drew Defendants' attention and the Court's attention to the issue. There simply is no evidence, newly discovered or not,[9] presented with Plaintiff's motion that negates the Court's findings when granting the new trial on the basis of Mr. Hepworth's misconduct.

---

[9] As Defendants recognize, the evidence regarding reimbursement of expert witnesses for deposition testimony was not newly discovered evidence from the ISB matter, but rather was made available to the Court and to Plaintiff nearly two years ago. (Dkt. 191 at 6, 8, 10.)

**MEMORANDUM DECISION AND ORDER - 9**

Because Plaintiff has not demonstrated the existence of any evidence of such magnitude that would have changed the disposition of the case, he has not met his burden under Rule 60(b)(2).

3. <u>Plaintiff has failed to establish, by clear and convincing evidence, that the Court's disposition was obtained by "fraud, misrepresentation, or other misconduct."</u>

Rule 60(b)(3) allows for relief from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). "In order to set aside a judgment or order because of fraud upon the court under Rule 60(b), it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). Moreover, to invoke Rule 60(b)(3), Plaintiff must show, by clear and convincing evidence, that Defendants "committed fraud which prevented [P]laintiff 'from fully and fairly presenting his case" before the Court. *See Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *see also Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-89 (9th Cir. 1990). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect…." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (citing *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)) (citations omitted).

When the Court considers Plaintiff's motion as a request to set aside the judgment of dismissal, as specifically requested in his motion, there simply is no evidence demonstrating that Defendants omitted or concealed any information or any material

**MEMORANDUM DECISION AND ORDER - 10**

terms from Plaintiff during settlement negotiations or prior to filing the stipulation for dismissal.  Alternatively, Plaintiff argues that his request is based upon new evidence of fraud on the Court perpetrated by Defendants before and after trial in connection with compensation of non-retained experts, including Ms. Sweet, for deposition testimony pursuant to Fed. R. Civ. P. 26(b)(4)(E).  (Dkt. 228-1 at 1.)[10]  Plaintiff also argues that Ms. Howland committed fraud upon the Court by making false representations about Justine Sweet's credibility and her financial motivations in Defendants' post-trial motions (Dkts. 164, 166), as well as by failing to pay Sweet a "reasonable fee" for her deposition testimony prior to trial.  However, Plaintiff fails to explain how the alleged misconduct by defense counsel prevented him "from fully and fairly presenting his case."[11]  *See Jones v. Aero/Chem Corp.*, 921 F.2d at 878-89.  In addition to untimely filing for relief from the Court's new trial order, Plaintiff has not adequately addressed the requirements for obtaining relief pursuant to Rule 60(b)(3).  There simply is no support for Plaintiff's claim that either the order of dismissal or the new trial order was obtained through fraud, misrepresentation, or misconduct by Defendants' counsel. Accordingly, relief under Rule 60(b)(3) will be denied.

---

[10] In making his argument in support of the request to set aside the Court's new trial order, Plaintiff conflates the "newly discovered evidence" standard of Rule 60(b)(2) and the "fraud" premise of Rule 60(b)(3).

[11] To the contrary, Plaintiff is seeking to reinstate the favorable verdict rendered by the jury.

**MEMORANDUM DECISION AND ORDER - 11**

> 4. <u>Plaintiff has failed to demonstrate extraordinary circumstances warranting the Court's application of the catchall provision in Rule 60(b)(6).</u>

Under Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." Courts have construed this seeming "catchall" phrase strictly. Rule 60(b)(6) applies to errors or actions beyond the party's control. *Cmty. Dental. Servs. V. Tani*, 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002); *see also United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) ("[R]ule 60(b)(6) is to be applied only in rare cases where a party was prevented by "extraordinary circumstances" from seeking timely prevention or correction of an erroneous judgment."). To qualify for relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003) (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)) (internal citations omitted).

Because Rule 60(b)(6) motions can be brought only for reasons other than those enumerated in subsections (1)–(5), *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir.1989), and because the Court construes Plaintiff's motion as brought under Rules 60(b)(2) and (b)(3)—based upon his own characterization—he cannot bring his motion under Rule 60(b)(6). Even if the Court construes Plaintiff's motion under Rule 60(b)(6), he has not shown the requisite extraordinary circumstances to warrant relief. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813 (1993).

## II. Defendants' Motion to Strike

Defendants request that the Court strike three filings—a letter sent by Pam Howland to the ISB dated March 8, 2022 (Dkt. 228-3 at 1-3), the transcript of Pam Howland's deposition taken in the ISB matter on August 25, 2023 (Dkt. 228-3 at 4-86), and the Affidavit of Brent Hilliard in Support of a Motion to Set Aside Judgment (Dkt. 231-1)—all submitted by Plaintiff in support of his motion to set aside judgment. A ruling on a motion to strike is generally a discretionary decision to be made by the Court. *Yamamguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

Notably, Defendants' motion to strike was filed after Plaintiff's motion to set aside the judgment of dismissal was fully briefed and the Court had begun its consideration of the motion. However, in their motion, Defendants ask the Court to respect a protective order issued by the Professional Conduct Board in the ISB matter *after* Plaintiff's motion was fully briefed. To that extent, the Court finds merit to Defendants' motion, but cannot fully represent that the filings at issue were not reviewed by the Court.

Defendants argue that Ms. Howland's deposition testimony in the ISB matter and her letter to the ISB should be stricken, because the protective order relies on the privilege in I.B.C.R. 521 and precludes Jeffrey Hepworth from utilizing Ms. Howland's deposition testimony or her letter to the ISB to gain an advantage in this lawsuit. Additionally, Defendants assert multiple well-founded evidentiary objections to the Affidavit of Brent Hilliard.

With regard to Ms. Howland's March 8, 2022 letter to the ISB,[12] the Court finds Defendants' motion has merit.  Although the Court is not bound to honor the state-law privileges afforded by the protective order in the ISB matter in this federal question case, there are valid reasons to adopt and apply the confidentiality privileges here.  *See Timothy v. Oneida Cty.*, Case No. 4:14-cv-00362-BLW, 2016 WL 2910270 at *6 (D. Idaho May 16, 2016).  Specifically, the Court finds the potential for a "chilling effect" on grievants' willingness to report attorney misconduct to be a valid reason to honor the protective order and preclude Jeffrey Hepworth, Plaintiff, or any other individual from using or disclosing the letter outside of the ISB proceeding.  In this regard, the motion to strike will be granted in part and the Court will direct the Clerk of the Court to place the letter under seal in the Court's docket.

With regard to the Affidavit of Brent Hilliard and the transcript of Ms. Howland's deposition testimony taken in the ISB matter, the motion to strike will be deemed moot because the Court did not find either the affidavit or the deposition testimony to provide relevant evidence to grant relief from the judgment of dismissal or to vacate the new trial order.  However, the Court will order that the transcript of Ms. Howland's deposition be placed under seal for the same reasons as her letter.

---

[12] To be clear, Ms. Howland's letter to the ISB in March of 2022 was sent to the ISB before the Court's new trial order and was not made known to the Court until it was filed by Plaintiff with his motion to set aside in September of 2023.

## CONCLUSION

In sum, the Court finds no support for Plaintiff's request for the Court to set aside its judgment of dismissal or for Plaintiff's untimely request to vacate its new trial order. To be clear, the Order for Dismissal with Prejudice was based on a stipulation of the parties, without any indication that the same was anything other than a voluntary and deliberate choice made by the parties.  The September 14, 2022 new trial order was based on the misconduct of Plaintiff's counsel in connection with the compensation of Justine Sweet for her testimony at trial, as described in much detail in the Memorandum Decision and Order.  (Dkt. 202 at 8-18.)  Accordingly, to the extent this misconduct is before the Professional Conduct Board, the Court will defer to the Professional Conduct Board to determine whether the misconduct violated the Idaho Rules of Professional Conduct.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follow:

1) Plaintiff's Motion to Set Aside Judgment (Dkt. 228) is **DENIED**.

2) Defendants' Motion to Strike (Dkt. 232) is **GRANTED IN PART**. The Clerk of Court is hereby directed to place Pamela Howland's letter to the Idaho State Bar (Dkt. 228-3 at 1-3) and the transcript of her deposition (Dkt. 228-3 at 4-86) under seal. (Dkt. 228-3.) To the extent the motion to strike includes the Affidavit of Brent Hilliard (Dkt. 231-1), the motion is denied as moot.

DATED: January 24, 2024

Honorable Candy W. Dale
United States Magistrate Judge