UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT E. HILLIARD, an individual, | Case No.  1:18-cv-00550-CWD |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| TWIN FALLS COUNTY SHERIFF'S OFFICE, a Public Entity, and TWIN FALLS COUNTY, a Public Corporation, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendants' Motion for Attorney Fees.  (Dkt. 236.)  The

parties filed responsive briefing and the motion is at issue.  The Court conducted a

hearing on March 26, 2024, on the issues raised in Defendants' motion.  For the reasons

that follow, the Court will grant Defendants' motion.

**FACTUAL BACKGROUND[1]**

On September 14, 2022, the Court entered its Memorandum Decision and Order

granting Defendants' Motion for New Trial or to Alter or Amend Judgment, and

Defendants' Motion for Relief from Judgment.  (Dkt. 202, 223.)  After careful

---

[1] The procedural and factual background prior to the Court's new trial order (Dkt. 202) is well known to the parties and not repeated herein.

MEMORANDUM DECISION AND ORDER - 1

consideration of the record and the controlling law, the Court concluded that Plaintiff's

counsel knowingly presented to the jury an inaccurate and incomplete portrayal of

compensation tendered to and promised to be paid by Plaintiff to a critical witness,

Justine Sweet, in connection with her trial testimony.  Significantly, the Court found this

misconduct by Plaintiff's counsel fundamentally invaded the province of the jury to

determine the credibility of the evidence—in particular the testimony of Justine Sweet—

and interfered with Defendants' ability to fully and fairly present their case.  (Dkt. 202 at

11.)  Further, the Court found that this misconduct constituted plain and prejudicial error

warranting a new trial pursuant to Rule 59 and Rule 60.  *Id.*  Accordingly, the Amended

Judgment (Dkt. 154) was vacated on September 14, 2022.  (Dkt. 202.)  Shortly thereafter,

a new jury trial date was set for April 10, 2023.  (Dkt. 216.) [2]

On January 25, 2023, the Court was informed by the parties that the case had

settled in its entirety and that the trial date could be vacated.  (Dkt. 224.)  On February

22, 2023, the parties filed a stipulation for dismissal with prejudice pursuant to Fed. R.

Civ. P. 41.  (Dkt. 226.)  On February 27, 2023, the Court granted the stipulation and

dismissed the case with prejudice.  (Dkt. 227.)

On September 28, 2023, Plaintiff filed his Motion to Set Aside Judgment pursuant

to Fed. R. Civ. P. 60(b), requesting the Court to "set aside a judgement [sic] of dismissal

---

[2] On September 20, 2022, Plaintiff filed a Notice of Appeal.  (Dkt. 205.)  On September 29, 2022, the Ninth Circuit ordered Plaintiff to show cause for appellate jurisdiction.  Thereafter, on September 30, 2022, Plaintiff voluntarily withdrew the appeal as a matter of right, (Dkt. 210), and instead, on October 4, 2022, filed a Petition for Permission to Appeal.  (Dkt. 211.)  On January 11, 2023, the Court denied Plaintiff's petition.  (Dkt. 222.)

MEMORANDUM DECISION AND ORDER - 2

and settlement agreement." (Dkt. 228-1 at 1.)  Through the materials submitted by the parties with these pending motions, the Court was informed of formal proceedings that had commenced in May of 2023 before the Professional Conduct Board of the Idaho State Bar in *Idaho State Bar v. Jeffrey J. Hepworth*, ISB Case No. FC 23-02.  Apparently in response to the materials submitted with the briefing in support of Plaintiff's motion, Defendants filed its Motion to Strike on November 9, 2023.  (Dkt. 230.)  For context, a timeline of the professional conduct board proceedings, unknown to the Court before Plaintiff's motion to set aside the judgment of dismissal was filed, follows.[3]

To begin, a complaint was filed by the Idaho State Bar (ISB) against Plaintiff's counsel in this matter, Jeffrey Hepworth, on May 31, 2023.  Sometime shortly thereafter, Mr. Hepworth subpoenaed Defendants' trial counsel, Pamela Howland, for a third-party deposition in the ISB matter.[4]  The Hearing Committee for the Professional Conduct Board granted a motion filed by counsel for Ms. Howland to quash the subpoena, in part, along with a protective order regarding the scope of the deposition questioning that would be allowed.  On August 16, 2023, counsel for Ms. Howland filed a motion for fees and costs incurred with filing the motion to quash.

---

[3] The timeline of the professional conduct board proceedings is derived from the Order Imposing Sanctions and Granting a Protective Order issued by the hearing committee of the Professional Conduct Board on November 7, 2023, which was submitted with the affidavit of defense counsel, Sam Angell. (Dkt. 232-2.)

[4] On October 18, 2023, Blake Hall and Sam Angell filed a notice of substitution as counsel for Defendants.  (Dkt. 226.)

**MEMORANDUM DECISION AND ORDER - 3**

Ms. Howland's deposition was taken by Mr. Hepworth on August 25, 2023.  On September 11, 2023, counsel for Ms. Howland filed a motion seeking sanctions against Mr. Hepworth for violating the protective order during Ms. Howland's deposition.  On October 6, 2023, counsel for Ms. Howland also filed a motion for protective order, [5] seeking to prevent Mr. Hepworth from disclosing a letter she sent to the ISB in March of 2022 and her deposition testimony outside of the ISB matter.  The Hearing Committee of the Professional Conduct Board issued an order imposing sanctions and granting a protective order on November 7, 2023.  (Dkt. 232-2.)

On January 24, 2024, the Court entered its Memorandum Decision and Order, denying Plaintiff's Motion to Set Aside Judgment and granting in part Defendants' Motion to Strike, which directed the Clerk of the Court to place Pamela Howland's letter dated March 8, 2022, to the ISB (Dkt. 228-3 at 1-3) and the transcript of her deposition taken in the ISB matter (Dkt. 228-3 at 4-86) under seal.  (Dkt. 235.)

Defendants filed the present motion on February 27, 2024, requesting an award of attorney fees in the amount of $14,273.00 for defending against the motion to set aside judgment.  (Dkt. 236.)  Defendants claim that the attorney fees were incurred from October 1, 2023, through January 31, 2024, and were associated directly with preparation

---

[5] Notably, counsel for Ms. Howland filed this motion for protective order after Plaintiff's motion to set aside judgment of dismissal was filed with the Court, along with a letter sent by Ms. Howland to the ISB in March of 2022 and the transcript of Ms. Howland's deposition testimony taken on August 25, 2023.

and briefing of their opposition to the motion to set aside judgment and the filing of their

related motion to strike.  (Dkt. 236-2, ¶¶ 3, 5.)

## LEGAL STANDARD

Under 28 U.S.C. § 1927, "any attorney or other person admitted to conduct cases

in any court of the United States…who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the [district] court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct."   Assessment of these types of sanctions requires a court to make a finding of

bad faith.  *See, e.g., West Theatre Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir.

1990).  Bad faith is present whenever an attorney "knowingly or recklessly raises a

frivolous argument, or argues a meritorious claim for the purpose of harassing an

opponent."  *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir.

1986) (internal citations omitted).  Thus, recklessness is the threshold required to impose

sanctions under Section 1927.  *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)

("recklessness suffices for Section 1927"); *see also Zambrano v. City of Tustin*, 885 F.2d

1473, 1485 (9th Cir. 1989) (mere negligence is insufficient to levy sanctions).  Imposing

sanctions under Section 1927 is an "extraordinary remedy" that must be exercised with

extreme caution.  *See In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 437

(9th Cir. 1996).

Beyond its statutorily authorized powers, the Court also possesses an inherent power "to impose sanctions in the form of fee awards." *Zambrano*, 885 F.2d at 1481. Although the general rule—often referred to as the "American Rule"—is that a litigant cannot recover their attorney fees, "that rule does not apply when the opposing party has acted in bad faith." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765-66 (1980) (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975)). The Court may utilize its inherent authority to assess attorney fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 766 (internal marks and citation omitted). Unlike Section 1927 sanctions, inherent power sanctions require more than just mere recklessness. *See, e.g., Fink*, 239 F.3d at 993-94. However, recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose" allows a court to exercise its inherent sanctioning power. *Id.* at 994.

District courts have substantial discretion to decide whether to award sanctions under Section 1927 or their inherent power, and in what amount. *Haynes v. City and County of San Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012). The purpose of a sanctions award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Id.* The award is intended only to cover excess costs incurred due to unreasonable conduct; it is not meant to reimburse a party for ordinary trial costs. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985). Thus, the sanction award amount cannot be greater than the attorneys' fees expended by the opposing party, but it may be

less.  *See Haynes*, 688 F.3d at 987.  The Court may consider other factors, such as the

sanctioned party's ability to pay, in determining the amount of sanctions to be imposed.

*See id.*

## DISCUSSION

**I.    The requested attorney fees are recoverable under 29 U.S.C. § 1927.**

The merits of the underlying lawsuit are not at issue.  Rather, the narrow question

before the Court is whether Plaintiff's counsel[6] may be sanctioned for filing the Motion

to Set Aside Judgment.  (Dkt. 228.)

Defendants here offer two legal bases upon which the Court may impose sanctions

against Plaintiff's counsel and authorize the requested award of attorney fees: (1) the

Court's inherent power; and (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct

that unreasonably and vexatiously multiplies the proceedings.  *See Fink*, 239 F.2d at 991.

Here, the Court finds that Plaintiff's counsel acted recklessly in filing the motion

to set aside the Court's judgment of dismissal, thereby unreasonably and vexatiously

multiplying the proceedings in this matter.  Specifically, the motion to set aside judgment

was not brought for the purpose of bringing the Court's attention to "new evidence" that

would have been likely to change the Court's disposition in entering either the new trial

---

[6] During the hearing on the present motion, Defendants' counsel indicated they were seeking the
award of attorney fees against Plaintiff's counsel, Jeffrey Hepworth, and not against Plaintiff Brent
Hilliard.

Also, during the hearing on March 26, 2024, Jeffrey Hepworth was afforded the opportunity to
explain his conduct and show cause as to why attorney fees should not be awarded.

**MEMORANDUM DECISION AND ORDER - 7**

order or its judgment of dismissal.  (*See* Dkts. 202, 227.)  Rather, Plaintiff's counsel

brought the motion to avoid sanctions in the ISB proceedings.

The motion to set aside judgment was frivolous, because Plaintiff's counsel failed

to raise any legitimate argument pursuant to Fed. R. Civ. P. 60.  When an attorney's

argument is blatantly lacking in any basis in either law or fact, it can be fairly

characterized as "frivolous," within the meaning of the statute authorizing the imposition

of sanctions against any attorney who improperly multiplies litigation proceedings.

*Caputo v. Tungsten Heavy Powder, Inc.*, Case No. 22-55142, 2024 WL 1103117 (9th Cir.

Mar. 14, 2024).  In denying Plaintiff's motion to set aside judgment, the Court found that

Plaintiff failed to timely file the motion under Rule 60(b)(2) or (b)(3) to obtain the

requested relief of setting aside the Court's new trial order entered on September 14,

2022.  (Dkt. 235 at 6-7.)  Because Plaintiff filed his motion outside of the prescribed

reasonable time of one year, the Court found that the requested relief of setting aside the

new trial order under Rule 60(b)(2) and (b)(3) was time-barred under Rule 60(c)(1).  *Id.*

Additionally, the Court found that Plaintiff had not met any of the criteria required

under Rule 60(b)(2), (b)(3), or (b)(6) to set aside the judgment of dismissal entered on

February 27, 2023.  (Dkt. 235 at 8-12.)  In filing the motion, Plaintiff requested that the

Court set aside the judgment of dismissal based upon "new evidence of fraud" pursuant

to Fed. R. Civ. P. 60(b)(2) and (b)(3),[7] and reinstate the jury's verdict pursuant to Fed. R.

---

[7] The Court previously found that Plaintiff conflated the "newly discovered evidence" standard of
Rule 60(b)(2) and the "fraud" premise of Rule 60(b)(3).

Civ. P. 60(b)(6).  (Dkts. 228 at 1, 228-1 at 1.)  Despite the procedural orientation of

Plaintiff's motion, Plaintiff's counsel failed to either cite the relevant rules or apply them

to the circumstances of this matter.  Further, the Court found that the alleged "new

evidence of fraud" by Pamela Howland[8] was not newly discovered following the Court's

judgment of dismissal, but rather was, in fact, made available to Plaintiff nearly two years

ago.  (Dkt. 235 at 9 n.9.)  Yet, it was not brought to the Court until well after this case

was resolved.  Plaintiff's counsel's utter disregard as to any applicability of Fed. R. Civ.

P. 60(b)(2), (b)(3), or (b)(6), combined with his representation of old and irrelevant

information as new, constitutes ample evidence of both recklessness and frivolousness as

a matter of law.  *See Caputo*, at \*33.

Rather than provide any argument of legal merit pursuant to Fed. R. Civ. P. 60,

Plaintiff's counsel utilized the motion to set aside the judgment as another opportunity to

relitigate his disagreement with the Court's new trial order from September 14, 2022.

The fatal oversight with Plaintiff's argument in both his response to the present motion

and the motion to set aside judgment is that neither the Court's new trial order nor the

judgment of dismissal was based on evidence related to the parties' agreement (or lack

thereof) regarding the compensation of non-retained expert witnesses for their time spent

during depositions taken by the parties prior to trial.  And, the fact that Defendants'

counsel did not tender any compensation to Justine Sweet to account for the time she

---

[8] The alleged new evidence was the fact that Defendants did not tender any compensation to
Justine Sweet to account for the time she spent when her deposition was taken prior to trial.

spent when her deposition was taken prior to trial would not have altered the Court's disposition of the motion for new trial.

As the Court concluded in its order denying the motion to set aside judgment, there was no legal basis for Plaintiff's request for the Court to set aside the judgment of dismissal or for Plaintiff's untimely request to vacate its new trial order and reinstate the jury verdict.  To be clear, the Order for Dismissal with Prejudice was based on a stipulation of the parties, without any indication that the same was anything other than a voluntary and deliberate choice made by the parties.  The September 14, 2022 new trial order was based on the misconduct of Plaintiff's counsel in connection with the compensation of Justine Sweet for her testimony at trial, as described in much detail in the Memorandum Decision and Order.  (Dkt. 202 at 8-18.)

Further, in filing the motion to set aside judgment, Plaintiff unreasonably multiplied the proceedings in this matter.  This matter had been closed for seven months prior to Plaintiff's filing of the motion.  On February 22, 2022, the parties filed a stipulation of dismissal with prejudice and informed the Court that "a compromised settlement had been reached."  (Dkt. 226.)  Shortly after, on February 27, 2022, the Court entered its Order for Dismissal pursuant to the parties' stipulation.  (Dkt. 227.)

As Defendants noted during the hearing on this motion, Plaintiff had the opportunity to explore the circumstances regarding payments made to expert witnesses by both parties, including to Ms. Sweet, after the new trial order and the stipulated dismissal.  Rather, Plaintiff's counsel waited to explore the issue with Ms. Howland until

after a settlement agreement was reached, after his client began receiving payments pursuant to the agreement, and after he learned that Ms. Howland's letter initiated an apparent investigation and eventually lead to formal charges by the ISB.[9] Such suspect timing cannot be ignored.

Mr. Hepworth's after-the-fact pursuit of this issue of alleged fraud by Ms. Howland falls squarely into the definition of "vexatiousness." Mr. Hepworth's conduct went beyond that of a zealous advocate for his client, as Mr. Hepworth pursued the issue of alleged fraud by Ms. Howland and filed the motion to set aside the judgment for his own benefit. *See Paolini v. Albertson's, Inc.*, Case No. , 2004 WL 7339591, at * 3 (D. Idaho Aug. 10, 2004) (internal citations omitted) ("[Section] 1927 is strictly construed 'so that the legitimate zeal of an attorney…is not dampened.'") With the various briefings since September 28, 2023, and the many conflicting statements made by Mr. Hepworth during the hearing on the present motion, it has become abundantly clear to the Court that Plaintiff's counsel, in light of the ISB proceedings against him, has sought to distort the reasoning underlying the Court's new trial order to shift the blame for his own conduct during trial to Ms. Howland.

Therefore, the Court finds that Plaintiff's counsel recklessly raised frivolous arguments when he filed the motion to set aside judgment, which resulted in the

---

[9] It bears repeating that, as stated in the order denying the motion to set aside and during the hearing on this motion, the Court was not aware of Ms. Howland's March 8, 2022 letter, the ISB investigation, or the formal charges against Mr. Hepworth until Plaintiff submitted the materials with the motion to set aside on September 28, 2023.

**MEMORANDUM DECISION AND ORDER - 11**

unreasonable and vexatious multiplication of the proceedings in this lawsuit.  *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).

**II.    Defendants are entitled to recover their requested amount of attorney fees.**

Plaintiff's counsel's reckless conduct led Defendants to expend excessive time and resources in (1) opposing the motion to set aside; (2) filing the motion to strike; and (3) filing the present motion for attorney fees.  That reckless conduct led Defendants to incur attorney fees in the amount of $14,273.00.  The Court, therefore, finds the award of attorney fees in the amount of $14,273.00 is most appropriately assessed against Plaintiff's counsel.  Under Section 1927, the use of the word "may"—rather than "shall" or "must—gives the Court the discretionary authority "to hold attorneys personally liable for excessive cost for unreasonably multiplying proceedings."  *Gadda v. Ashcroft*, 277 F.3d 934, 943 n.4 (9th Cir. 2004).  Because the Court finds the excessive litigation to be a result of Mr. Hepworth's reckless conduct, the Court will exercise its discretion to assess the award of attorney fees against Mr. Hepworth personally.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion and award attorney fees to Defendants in the amount of $14,273.00.

## ORDER

**NOW IT IS HEREBY ORDERED:**

1) Defendants' Motion for Attorney Fees (Dkt. 236) is **GRANTED** to the

   extent they seek sanctions pursuant to 28 U.S.C. § 1927.  Jeffrey Hepworth

   shall pay $14,273.00 to Defendants.


DATED: March 29, 2024

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**